■ LOUISE FARSACE, Respondent, v FRANK M. FARSACE, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant husband appeals from a judgment granting plaintiff wife a divorce on the grounds of cruel and inhuman treatment, dismissing the husband's counterclaim for a divorce, awarding the wife maintenance, and distributing the marital assets pursuant to part B of section 236 of the Domestic Relations Law. The court valued the total assets of the marriage at $265,551.87 and determined that the wife should receive $102,000. The principal asset consisted of the "present-day" value of the husband's benefits as a member of the New York State Employees' Retirement System (computed as of the commencement of the action), for which the court adopted the valuation by the wife's expert ($193,394). The wife was immediately to receive assets worth $53,357.87, leaving the balance of $48,642.13 to be paid in the future. Because the husband had no current ability to pay the $48,642.13, the court directed that when the husband is entitled to

receive his retirement payments, he should pay the balance in the following manner: a lump-sum amount or, at his option, payments in equal installments calculated to amortize the debt in 10 years. Until the wife receives the $48,642.13 in a lump sum or begins receiving this amount in installments, neither of which can occur until the husband's retirement, the court directed him to pay the wife 9% interest on the amount due. After retirement, if the husband elects the 10-year payout option, the court ordered him to pay her 9% interest on the amount yet unpaid. Because of the possibility that the husband might die before retirement in which event the wife would not receive the $48,642.31, the court ordered the husband to keep in effect until his retirement a contractual will giving the wife a right to claim from his estate the sum of $48,642.13 plus accrued interest, to be paid from the death benefits of the retirement plan. Additionally, because the husband might select an option which could terminate on a contingency (e.g., the husband's death) occurring before the wife received the total amount due her through the 10-year payout, the court directed that the husband's choice of options be limited to those which would not impair the wife's rights to receive the full amount. The husband attacks both the provision requiring him to grant the wife a contractual will and the provision limiting the options the husband may select at retirement. We find no authority that such provisions are not within the broad discretion accorded to the court (see *Majauskas v Majauskas,* 110 Misc 2d 323, mod on other grounds 94 AD2d 494). However, under the circumstances, the husband's objections may be obviated by modifying the judgment to add as an alternative provision to be selected by him in lieu of paragraph 3 of section E of the fifth decretal paragraph of the judgment, the following: At least 30 days prior to the last day on which the husband can elect the option for his retirement allowance, he shall deliver to the wife proof that he has in full force and effect a policy or policies of life insurance naming the wife as irrevocable beneficiary in an amount which shall at all times be sufficient to pay to the wife the balance of the $48,642.13 remaining due to her at the time of his death together with any accrued interest then due; in the event the husband selects the insurance alternative, he is ordered to pay the premiums and keep said policy or policies in full force and effect until the balance due to the wife plus accrued interest is paid. So much of the judgment as reserves jurisdiction to modify the award with respect to the payments defendant is required to make from his retirement benefits is improper and is stricken (see, generally, Domestic Relations Law, § 236, part B, subd 9, par b; Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1982-1983 Pocket Part, Domestic Relations Law, C236B:28, p 146). The husband claims that the court erred in computing the value of his retirement benefits accrued during the marriage. The experts for both parties calculated the present value of the retirement benefits using 32 years of member service. In fact, the husband was a member of the retirement system before the marriage, and the period of time between the marriage on June 11, 1949 and the commencement of this action on December 19, 1980 is only 31½ years. This six-month difference has an insignificant effect upon the calculation of the wife's award and does not warrant reversal or modification. Inasmuch as no evidence was presented concerning the tax consequences to defendant upon receipt of his pension benefits, the court did not err in failing to consider this factor. We find no reason to disturb dismissal of the husband's counterclaim for divorce. We have examined the other points raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Dugan, J. — divorce.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.