■ BECKY A. FERRIERA, Also Known as BECKY A. FERREIRA, Respondent, v JOSEPH L. FERRIERA, Also Known as JOSEPH L. FERREIRA, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: In this divorce action, we find the court properly weighed and adequately set forth the statutory factors it considered (Domestic Relations Law § 236 [B] [5] [g]; [6] [b]; [7] [b]) and made findings of fact sufficient to enable this court to properly review the record (CPLR 4213 [b]).

Although it may have been error for the court to fail to allocate specific amounts for maintenance and child support, having told the court he would welcome an unallocated award, defendant may not now claim he is aggrieved thereby. We find plaintiff's claimed expenses reasonable. Since, however, all but $2,000 of the amount of $4,620 budgeted for college tuition was paid by public grants, we reduce the award to plaintiff from $24,000 to $21,380 per annum, payable in weekly installments of $411.15. Properly included in plaintiff's award is the cost of her college expenses not covered by the grants. The award allows plaintiff to receive the additional training needed to enable her to become self-supporting *(see, Pedersen v Pedersen,* 91 AD2d 818; 11C Zett-Kaufman-Kraut, NY Civ Prac ¶ 66.01 [2] [a]; ¶ 66.04 [2] [1983]). We find defendant can afford to pay the amount ordered. Defendant earns approximately $44,000 per annum from his employment and the court properly found that defendant has additional income which cannot be accurately ascertained *(see, Kay v Kay,* 37 NY2d 632, 636).

The thirteenth through fifteenth decretal paragraphs of the judgment relating to future modifications of the support award are improper, however, and must be deleted *(see, Majauskas v Majauskas,* 61 NY2d 481, 494-495). Upon any substantial change in circumstances defendant may move for modification.

Under all circumstances, we find that the court's determination on the question of property distribution is fair and equitable.

Concerning the pension issue, defendant's only contentions with respect to the formula used by the court *(see, Majauskas v Majauskas,* 61 NY2d 481, *supra)* are that plaintiff's share earned during the marriage prior to the commencement of the action should be less than one half, and that the court erred in calculating the number of years credited to his pension during this period. We find no reason to disturb the court's determination that plaintiff is entitled to a one-half share earned during this period; and the court's finding as to the number of years credited is supported by evidence.

The court had discretion to make provision in the judgment to prevent the defendant from defeating plaintiff's pension rights *(see, Farsace v Farsace,* 97 AD2d 951). We modify the judgment, however, by deleting the provision directing that defendant's employer take no action to impair or impede plaintiff's pension rights, and by providing instead that the plaintiff's share of each periodic payment be computed as though defendant has selected the option, available to him upon retirement, providing for the highest periodic payment during defendant's lifetime. Whereas defendant should be permitted to select an option that will provide for his surviving beneficiary or beneficiaries, and thus reduce the periodic payment made by his employer during his lifetime, plaintiff's entitlement to her share of the highest periodic payment during defendant's lifetime should not be impaired thereby. (Appeal from judgment of Supreme Court, Niagara County, Hannigan, J.—equitable distribution.) Present—Dillon, P. J., Boomer, Green, Pine and Schnepp, JJ.