OPINION OF THE COURT
George M. Bergerman, J.
In this contract action based on a separation agreement between the parties, plaintiff moves for summary judgment on her fifth cause of action. The only causes of action which are still pending are the second cause of action for arrearages in maintenance and child support and the fifth cause of action for payment of certain pension benefits presently being paid to the defendant husband.
The agreement of separation provides in relevant part: "The *364 Husband’s pension plan provides benefits at retirement which are payable monthly. At such time as the husband receives retirement benefits, the husband shall pay to the wife the sum of $196.75 per month in each month that he receives pension benefits.”
A judgment of divorce provided that the separation agreement would survive and not merge with the judgment.
It is undisputed that the husband is presently receiving pension benefits and has been receiving them since December 1985. Accordingly, plaintiff seeks a money judgment in the sum of $7,673.25 ($196.75 per month for 39 months) plus a direction that defendant commence making monthly payments to her of $196.75.
Further, plaintiff asserts that she is entitled to summary judgment since the portion of the pension benefits given to her by the separation agreement are an equitable distribution property division and not subject to modification.
Defendant argues that since defendant was forced to take an early retirement due to a hostile takeover of his employer, he is receiving only a fraction of the pension anticipated when the separation agreement was executed and that he is therefore entitled to modification of the separation agreement.
Thus, the issue before the court on this motion is: Is the subject award of pension benefits contained in the separation agreement modifiable? If it is not, plaintiff’s motion should be granted; if it is, then the motion should be denied as a question of fact exists as to whether or not the agreement should be modified.
It is clear from the separation agreement itself that the parties viewed the payments to be made to the wife from the pension benefits as a distributive award. Thus, the provisions respecting pension are listed under "personal property”. Section 236 (B) (9) (b) of the Domestic Relations Law sets forth the principles regarding modifications of prior orders and judgments. As stated in the commentaries to that section: "9 (b) makes no mention of modification of an award of equitable distribution or even a distributive award. The rationale is that those aspects are one-time property divisions not subject to later modification (Farsace v. Farsace, 97 A.D.2d 951, 468 N.Y.S.2d 751 (4th Dept. 1983).” (Scheinkman, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B:45, at 65 [1989 Pocket Part].)
Defendant herein argues that he is merely seeking to mod *365 ify a contract, since there is no provision in the judgment of divorce directing payment of pension benefits. The court disagrees. Regardless of what defendant calls it, he is in fact seeking to modify a distributive award, something which, as set forth above, cannot be done.
Accordingly, plaintiffs motion is granted.