■ NANCY B. WEINER, Appellant-Respondent, v MARK D. WEINER, Respondent-Appellant. [676 NYS2d 640] —In a matrimonial action in which the parties were divorced by judgment entered September 13, 1996, the plaintiff appeals, as limited by her brief, from stated portions of (1) a qualified domestic relations order of the Supreme Court, Nassau County (Davis, J.), dated December 24, 1996, which, *inter alia,* directed the defendant's pension fund to pay the plaintiff her share of his pension only after he reached the age of 62, and (2) an order of the same court, dated June 30, 1997, which, *inter alia,* (a) denied her motion, in effect, to resettle the qualified domestic relations order so as to reflect her entitlement to her proportionate share of the defendant's pension measured from the date of his retirement, (b) denied her separate motion, *inter alia,* to direct the defendant to produce documents relating to any annuities, withdrawals, deductions, or amounts borrowed from his pension fund, and direct the defendant to obtain an insurance policy to guarantee her proportionate share of his pension, and (c) granted that branch of the defendant's cross motion which was for resettlement of the judgment of divorce to provide that she was not to receive her share of the pension

until the defendant reached the age of 62; the defendant cross-appeals from so much of the order dated June 30, 1997, as, in effect, denied that branch of his cross motion which was to disqualify the plaintiff's attorney and impose sanctions.

Ordered that the qualified domestic relations order is modified by deleting the provisions thereof which directed the defendant's pension fund to pay the plaintiff her share of his pension only after he reached the age of 62 and substituting therefor a provision directing the defendant's pension fund to pay the plaintiff her share of his pension measured from the date of his retirement; as so modified, the qualified domestic relations order is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated June 30, 1997, as denied the plaintiff's motion, in effect, to resettle the qualified domestic relations order is dismissed, as no appeal lies from an order denying resettlement (*see, Blume v Blume,* 124 AD2d 771); and it is further,

Ordered that the order dated June 30, 1997, is modified by (1) deleting the provision thereof which denied those branches of the plaintiff's motion which were to direct the defendant to produce documents relating to any annuities, withdrawals, deductions, or amounts borrowed from his pension fund, and direct the defendant to obtain an insurance policy to guarantee her proportionate share of his pension and substituting therefor a provision granting those branches of that motion, and (2) deleting the provision thereof which granted that branch of the defendant's cross motion which was for resettlement of the judgment of divorce to provide that the plaintiff was not to receive her share of the defendant's pension until the defendant reached the age of 62 and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as cross-appealed from and insofar as reviewed on the appeal, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties entered into a stipulation of settlement on September 20, 1995. The parties' stipulation, as well as the judgment of divorce submitted by the defendant, establish that the plaintiff was to share in the proceeds of the defendant's pension "at the time of his retirement". The defendant retired in 1996 at the age of 58. Therefore, the court erred in signing a qualified domestic relations order (hereinafter QDRO) submitted by the defendant's counsel under which the plaintiff would

not be entitled to pension benefits until the defendant reaches age 62, some four years after the defendant's retirement. Further, the court erred in granting that branch of the defendant's cross motion which was for resettlement of the judgment of divorce to reflect this delayed payment schedule.

Since the maximum allowance pension option selected by the defendant creates the risk that there will be no funds or only minimal funds remaining in the pension if he dies before he has reached his life expectancy, the court should have directed the defendant to purchase a life insurance policy naming the plaintiff as beneficiary to ensure that she receives her share of the pension in the event of his death (see, Farsace v Farsace, 97 AD2d 951, 952; cf., Westfall v Westfall, 194 AD2d 960, 961).

The plaintiff submitted evidence that the defendant withdrew $49,846.25, and borrowed an additional $53,500 from the pension shortly before he retired. The QDRO, however, specifically prohibited the defendant from borrowing or withdrawing "any monies from the Pension which would reduce the benefit payable by the Pension at the time of retirement". In light of this provision, the court erred in denying that branch of the plaintiff's motion which sought documents relevant to these withdrawals.

In the plaintiff's "Supplemental Memorandum In Support Of Order For Correction Of Qualified Domestic Relations Order", dated March 25, 1997, the plaintiff requested her proportionate share of a $20,000 tax-deferred annuity. After the completion of the discovery directed by this decision and order, the court should make a determination as to what share, if any, the plaintiff was entitled to receive from the defendant's $20,000 tax-deferred annuity. The parties' stipulation specifically provided that the wife "was entitled to fifty percent of every dollar that was contributed to [the husband's] annuity, if any, prior" to February 1988, when the action for a divorce and ancillary relief was commenced.

The parties' remaining contentions are without merit. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.