■ GEORGE A. MAGER, Respondent, v ELEANOR L. MAGER, Appellant. [701 NYS2d 157] —Mercure, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered September 1, 1998 in Washington County, which, in an action for divorce, directed plaintiff to choose a 50% survivorship option on his pension benefits, and (2) from a judgment of said court, entered March 25, 1999 in Washington County, which, *inter alia*, incorporated the provisions of the court's prior order pertaining to plaintiff's pension benefits into the judgment of divorce.

The parties, both fully vested members of the State Teachers' Retirement System, entered into a separation agreement providing for a 50% distribution of the marital portion of each of their pensions in accordance with the formula enunciated in *Majauskas v Majauskas* (61 NY2d 481). They could not come to an agreement, however, as to which survivor option, if any, plaintiff* should choose; the separation agreement therefore provided that following the commencement of a divorce action, Supreme Court would "determine whether [plaintiff] shall be obligated to take a survivor option and if so, what option". Ultimately, Supreme Court adopted the overall approach employed by the Fourth Department in *Ferriera v Ferriera* (112 AD2d 22) by requiring plaintiff to select the 50% survivor option but providing that plaintiff's share of each periodic payment received during his lifetime would be computed as though he had selected the 100% single life option. Defendant appeals from the order and judgment embodying that determination.

We conclude that Supreme Court acted within its discretion in fashioning a distribution of plaintiff's pension that " 'suit[s] the particular circumstances, needs and means of the parties in the case' " (*McDermott v McDermott*, 119 AD2d 370, 376, *appeal dismissed* 69 NY2d 1028, quoting *Damiano v Damiano*, 94 AD2d 132, 140). We accordingly affirm. Defendant's contention that Supreme Court's determination forces her to "accept less than her equitable share of the pension in order to have survivor benefits" fails to account for the fact that nothing in

---

* Although the separation agreement made a corresponding provision with regard to defendant's survivor option, only plaintiff's survivor option is at issue here.

the parties' agreement requires that the ultimate pension benefits received by the parties be equal. To the contrary, the parties' agreement did nothing more than supply the values of two of the variables comprising the *Majauskas* formula: the number of months of the marriage prior to the parties' separation during which plaintiff participated in the pension plan (276) and the overall multiplier reflecting the agreed proportional distribution of the marital portion to defendant (.50). In fact, it would be nearly impossible to achieve an overall equality in ultimate pension benefits received in any case where a survivorship option is selected for the survivor would almost always receive the greater share.

Defendant's analysis also overlooks the fact that the parties could not come to terms as to which survivor option, if any, was to be selected and unambiguously vested Supreme Court with the discretion to make that determination (*see, Von Buren v Von Buren*, 252 AD2d 950; *see also, Ferriera v Ferriera, supra; cf., Weiner v Weiner*, 253 AD2d 428). Unlike the dissenter, we believe that the parties' conferral of discretion to designate a retirement option encompassed the authority to fashion a hybrid distribution lying within the overall limits of the available options, and it is our view that Supreme Court's determination properly accommodated plaintiff's interest in receiving maximum pension benefits during his lifetime and defendant's need for financial security following plaintiff's death in a fashion that is fair and equitable to both of them.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur.

Mugglin, J. (dissenting). I respectfully dissent. The party's agreement "is an independent contract which is subject to the principles of contract interpretation" (*De Gaust v De Gaust*, 237 AD2d 862). Thus, when the language is clear and unambiguous, the court is required "to ascertain 'the intent of the parties * * * from within the four corners of the instrument, and not from extrinsic evidence'" (*Keith v Keith*, 241 AD2d 820, 822, quoting *Rainbow v Swisher*, 72 NY2d 106, 109; accord, *Von Buren v Von Buren*, 252 AD2d 950).

The application of these principles to the separation agreement under review reveals that the parties plainly and unambiguously agreed that the marital portion of plaintiff's pension as determined by the *Majauskas* formula (*see, Majauskas v Majauskas*, 61 NY2d 481) was to be equally divided between the parties as, if and when received. The sole issue on which the parties were unable to agree concerned the payment option. Accordingly, the agreement vests authority in Supreme Court, at the time of the divorce action, to "determine whether

[plaintiff] shall be obligated to take a survivor option and if so, what option".

In my view, Supreme Court properly chose an option but then exceeded the authority found in the separation agreement by adjusting the payout of the marital share of the pension resulting in plaintiff receiving more than one half of the marital share during his lifetime, in effect, altering the 50% figure in the formula contained in the contract.

Accordingly, I would modify Supreme Court's order and judgment by reversing that portion of the formula adopted by Supreme Court which does not divide the marital share of plaintiff's pension 50% to each of the parties, and direct that 50% of the marital share be paid to each of the parties, and as so modified, affirm.

Ordered that the order and judgment are affirmed, without costs.