◼ RICHARD L. NEWMAN, Appellant, v KATHERINE NEWMAN, Respondent. [703 NYS2d 800] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On September 2, 1987, the parties entered into a separation agreement that was incorporated but not merged in the judgment of divorce. The separation agreement provided that plaintiff's pension would be distributed and defendant designated as an alternate payee. On March 24, 1996, Supreme Court signed a Qualified Domestic Relations Order that directed plaintiff, *inter alia,* to elect a plan option that provides for a survivor's annuity benefit naming defendant as beneficiary. That was error. Because the separation agreement does not require plaintiff to elect a survivor's annuity benefit, the court erred in directing him to do so (*see, Von Buren v Von Buren,* 252 AD2d 950, 951; *De Gaust v De Gaust,* 237 AD2d 862, 862-863). Thus, we modify the order by vacating that directive.

Defendant's reliance on 29 USC § 1055 (c) (2) (A), that portion of the Employee Retirement Income Security Act (ERISA) that provides that the participant may waive the joint and survivor annuity portion of the plan if the spouse consents to that election, is misplaced. Plaintiff was not married to the

participant as of the annuity starting date (*see*, 29 USC § 1055 [a] [1]), nor is she the surviving spouse of a participant who died before the annuity's starting date (*see*, 29 USC § 1055 [a] [2]). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Matrimonial.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.