■ JOYCE E. TOLOSKY, Respondent, v PAUL C. TOLOSKY, Appellant. [757 NYS2d 629] —Crew III, J. Appeals (1) from an order of the Supreme Court (McGill, J.), entered October 30, 2001 in Clinton County, which granted plaintiff's motion to correct a prior order of said court, and (2) from an amended order of said court ordering, inter alia, equitable distribution of the parties' marital property, entered October 30, 2001 in Clinton County, upon a decision of the court.

The parties were married in 1951 and have five children, all of whom are emancipated. Plaintiff and defendant separated in 1989 and, in March 1999, defendant commenced an action for divorce against plaintiff. Defendant's subsequent motion to withdraw that action was granted, following which defendant obtained a foreign divorce decree in July 2000. Plaintiff thereafter commenced this action seeking, inter alia, equitable distribution of the parties' marital property. Plaintiff was granted certain pendente lite relief and the matter proceeded to a bench trial, at the conclusion of which Supreme Court distributed the parties' various assets and ordered defendant to, among other

things, pay counsel fees in the amount of $2,500 and an appraisal fee in the amount of $400.

Shortly thereafter, plaintiff moved pursuant to CPLR 5019 (a) to, among other things, correct certain clerical errors with regard to Supreme Court's distributive award and recalculate the outstanding payments due by defendant. Supreme Court partially granted plaintiff's application, and an amended order reflecting the distribution of the parties' property subsequently was entered. These appeals ensued.

We affirm. Defendant initially contends that it is unclear from the record whether the $1,434.58 per month awarded to plaintiff constitutes maintenance or represents a distributive award payable in monthly installments. If such award indeed is maintenance, the argument continues, the award is an abuse of discretion given the distribution of the parties' marital assets.

To be sure, Supreme Court's order in this regard could have been drafted with greater clarity. Our review of the record, however, leads us to conclude that the sum awarded does in fact represent plaintiff's equitable share of defendant's pension payable in monthly installments. As defendant correctly notes, the standard methodology for awarding a nonemployee spouse his or her equitable share of pension rights is to either award a lump-sum payment discounted to present value or, upon the maturity of such pension rights, direct that the recipient pay his or her former spouse a share or percentage of each payment received (*see Majauskas v Majauskas*, 61 NY2d 481, 486 [1984]). Here, however, neither party offered any expert testimony as to the value of the various pensions in play, thereby rendering it difficult for Supreme Court to have fashioned a lump-sum award. Additionally, the pensions at issue all were in "pay status," i.e., plaintiff and defendant each actually were receiving benefits. While it may have been more prudent for Supreme Court to have awarded plaintiff a percentage of the total monthly benefits received by defendant, as opposed to a fixed dollar amount, the unorthodox methodology adopted by the court does not violate the rule prohibiting the treatment of a distributive award as maintenance (*see Lipovsky v Lipovsky*, 271 AD2d 658, 659 [2000], *lv dismissed* 95 NY2d 886 [2000], *lv denied* 96 NY2d 712 [2001]). Simply stated, Supreme Court did not award plaintiff lifetime maintenance; it merely directed that plaintiff's share of defendant's pension be paid in equal monthly installments. As a final matter, given the length of the marriage and the age of the parties, the contributions that each spouse made to the union and the

disparity that exists between their respective incomes, we cannot say that Supreme Court abused its discretion in awarding plaintiff one-half the value of the parties' marital property. Accordingly, Supreme Court's findings in this regard will not be disturbed.

Nor are we persuaded that Supreme Court abused its discretion in ordering defendant to pay counsel fees in the amount of $2,500 and an appraisal fee in the amount of $400. Initially, with regard to the appraisal fee owed to Kenneth Coleman, it appears that defendant consented to the payment of one-half that fee or $400. In any event, given the reasonableness of the fees incurred and the fact that plaintiff possessed few liquid assets, we perceive no abuse of Supreme Court's discretion with regard to either the counsel fees or the appraisal fee awarded.

Finally, to the extent that defendant argues that Supreme Court erred in directing that he continue to pay COBRA benefits in order to provide plaintiff with health insurance coverage, plaintiff has advised this Court that she presently is receiving health insurance coverage through the TRICARE program as the former spouse of a retired member of the armed services and, as such, no longer has any need for alternative health care coverage. Hence, defendant's challenge to this portion of Supreme Court's award is moot. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order and amended order are affirmed, without costs.