■ MARY A. DUNNE, Appellant-Respondent, v DAVID W. DUNNE, Respondent-Appellant. [779 NYS2d 676]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Coccoma, J.), entered May 23, 2003 in Delaware County, which, inter alia, distributed certain of the parties' marital property.

Plaintiff contends that a portion of defendant's monthly pension payment was not properly distributed to her following commencement of their divorce action. The parties were married in 1964 and divorced in 2002. The divorce action was commenced in June 2000 and, in December 2001, the parties executed a written stipulation addressing, among other things, the distribution of their assets. In a paragraph of the stipulation entitled "bank accounts, stocks, life insurance, pensions/401Ks, wild life

prints, boat, miscellaneous personal property, wife's portion of pension husband collected since commencement and marital debt," the parties set forth no specifics and merely stated that they would divide these assets (considered in conjunction with the other marital assets) with plaintiff receiving 50% plus $2,500. Pursuant to the stipulation, the division of property was to occur within 60 days and, in the event that they were unable to agree, they reserved the right to return to court.

They could not agree and, following plaintiff's motion via order to show cause, a hearing was conducted in April 2003. Supreme Court found, in a May 2003 order, that the evidence established marital assets of $370,526.49, and the court calculated the amount due plaintiff at $187,763.25. While the court included the value of a Fidelity 401K plan in its distribution, it did not make a separate award for the monthly pension payment of $1,272 that defendant had been receiving.[1] Plaintiff appeals.[2]

It is well settled that "[v]ested rights in a noncontributory pension plan are marital property to the extent that they were acquired between the date of the marriage and the commencement of a matrimonial action" (*Majauskas v Majauskas*, 61 NY2d 481, 485-486 [1984]). The typical means of accomplishing a distribution of such a pension is "to either award a lump-sum payment discounted to present value or, upon the maturity of such pension rights, direct that the recipient pay his or her former spouse a share or percentage of each payment received" (*Tolosky v Tolosky*, 304 AD2d 876, 877 [2003]). Here, while Supreme Court made a lump-sum distribution of defendant's Fidelity 401K plan, this does not account for the entire pension funds earned by defendant during the marriage. Plaintiff also requested a distribution of the separate pension rights that provided defendant with a monthly payment and this issue was not addressed in Supreme Court's order. Plaintiff is entitled to one half such payments from the time the divorce action was commenced, or an appropriate lump-sum payment. Since this record is not clear regarding defendant's pension rights, we deem it appropriate to remit the matter to Supreme Court for

---

1. Defendant had been receiving $1,272 per month since he retired in December 1999. Such payment was scheduled to change in October 2005 to $653 and in October 2008 to $661.

2. After Supreme Court's decision was entered, plaintiff filed a motion claiming that defendant had failed to disclose all his assets and that, in fact, an underlying pension fund that provided some or all of the funding for the $1,272 monthly payment had not been disclosed. That issue is still pending in Supreme Court. We further note that defendant has withdrawn his cross appeal.

such further development of the record as is necessary for it to distribute all of defendant's pension rights.[3]

Plaintiff further argues that she should have been awarded counsel fees. While an award of counsel fees may become a relevant consideration upon remittal (depending upon what the proof reveals) (*see Markov v Markov*, 304 AD2d 879, 880 [2003]), we are not convinced that the failure to make such an award with respect to the matter on appeal was an abuse of Supreme Court's discretion (*see Strang v Strang*, 222 AD2d 975, 979 [1995]).

Mercure, J.P., Peters and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as failed to make any distribution regarding defendant's monthly pension payments; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

**3.** We note that the matter regarding the allegedly undisclosed assets is ostensibly pending before a different judge and it would seem a prudent use of judicial resources to keep all these issues in one court.