▮ NEAL W. SHAPIRO, Appellant, v SUSAN B. SHAPIRO, Respondent. [937 NYS2d 368]—

Lahtinen, J.

Plaintiff urges that the marital portion of his pension should not have been distributed equally in light of the parties' long separation. He presented a report from his economist stating

that the value of the marital portion of his pension when defendant sought a divorce in December 1999 was $29,148, whereas such value had increased to $112,613 by January 2008 when plaintiff brought this action. While the value of the pension at the time of the earlier unsuccessful action cannot control, the circumstances surrounding the earlier action can be considered in the overall equitable distribution of marital property (*see Mesholam v Mesholam*, 11 NY3d 24, 29 [2008]). Substantial deference is accorded to the trial court's determination regarding equitable distribution so long as the requisite statutory factors were considered (*see Keil v Keil*, 85 AD3d 1233, 1234 [2011]; *Altieri v Altieri*, 35 AD3d 1093, 1094 [2006]). Supreme Court adequately discussed the relevant factors. Among other things, the court noted that defendant left the workforce to care for the parties' children, she made substantial noneconomic contributions to the parties' assets during the early years of the marriage, she continued as primary caretaker for the children after the separation, she sacrificed career development and she now earns substantially less than plaintiff. Under such circumstances, Supreme Court did not abuse its discretion in awarding defendant half the marital portion of plaintiff's pension.

Plaintiff further argues that the portion of his pension considered marital property should have been distributed in a lump sum rather than future periodic payments. Either method is acceptable (*see Dunne v Dunne*, 9 AD3d 660, 661 [2004]; *Tolosky v Tolosky*, 304 AD2d 876, 877 [2003]), and it generally rests within the discretion of the trial court as to the method best suited for the particular facts of each case (*see Mager v Mager*, 267 AD2d 807, 807 [1999]; *Povosky v Povosky*, 124 AD2d 1068, 1068-1069 [1986]). Supreme Court's determination was within its discretion and we find no reason to modify that determination.

Lastly, plaintiff contends that his obligation to pay college expenses should not extend beyond the age of 21 of his children. Absent an agreement extending the obligation, a parent is not legally obligated to pay college costs for a child that has reached the age of 21 (*see Matter of Benno v Benno*, 33 AD3d 1143, 1145 [2006]; *Matter of Cohen v Rosen*, 207 AD2d 155, 158 [1995], *lv denied* 86 NY2d 702 [1995]; *Vicinanzo v Vicinanzo*, 193 AD2d 962, 965 [1993]). Plaintiff acknowledged in his testimony that he had, in fact, agreed to pay part of the children's college education costs, there was no indication that he intended to limit his payments to the children's first three years in college, and proof at trial established that funds had been previously set up to as-

sist in such costs. Under these circumstances, it was not error for Supreme Court to direct plaintiff to pay a portion of the children's college costs until they reach the age of 22 (*see Matter of Hammill v Mayer*, 66 AD3d 1196, 1198 [2009]).

Mercure, A.P.J., Peters, Rose and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.