■ STEVEN HALSE, Appellant, v MELISSA HALSE, Respondent.
[940 NYS2d 353]—

Malone Jr., J. Appeals (1) from a judgment of the Supreme Court (Nolan Jr., J.), entered March 11, 2011 in Saratoga County, ordering, among other things, equitable distribution of

the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered March 11, 2011 in Saratoga County, which, among other things, partially granted plaintiff's motion to hold defendant in contempt.

Plaintiff commenced this action for divorce in September 2008 and, thereafter, a pendente lite order was entered which, among other things, directed the parties to submit to drug testing and prohibited the parties from selling or transferring any assets. In June 2010, plaintiff moved, by order to show cause, to have defendant held in contempt, alleging that she had sold various marital assets and was using drugs and alcohol. After a nonjury trial, Supreme Court issued a judgment of divorce, ordered the equitable distribution of marital assets, awarded maintenance to defendant and ordered plaintiff to pay child support for the parties' two children. In a separate order, the court adjudged defendant to be in contempt of the pendente lite order, but imposed no punishment. Plaintiff appeals.

Initially, "[s]ubstantial deference is accorded to the trial court's determination regarding equitable distribution so long as the requisite statutory factors were considered" (*Shapiro v Shapiro*, 91 AD3d 1094, 1095 [2012]; *see* Domestic Relations Law § 236 [B] [5] [d]). In this case, it is apparent that Supreme Court considered all of the relevant factors before equitably distributing the parties' marital assets; of particular note is the long duration of the marriage and the parties widely disparate future financial circumstances. Although plaintiff contends that Supreme Court erred by valuing his checking account as of April 2010, the court has substantial discretion in setting the valuation date any time between the commencement of the action and the date of the trial (*see* Domestic Relations Law § 236 [B] [4] [b]; *McSparron v McSparron*, 87 NY2d 275, 287 [1995]), and it was not an abuse of discretion for the court to use the value as stated in plaintiff's April 2010 sworn statement of net worth. In addition, because there was no conclusive proof that the checking account had increased in value since the commencement of the action solely as a result of the addition of plaintiff's separate property, the court's decision to award defendant half of the value of the account likewise was not an abuse of discretion.

Moreover, contrary to plaintiff's contention, the record reflects that Supreme Court adequately addressed defendant's dissipation of marital assets (*see* Domestic Relations Law § 236 [B] [5] [d] [12]; *Noble v Noble*, 78 AD3d 1386, 1388 [2010]). Notably, the court awarded plaintiff adjustments to compensate him for the value of various items of marital property that had been

improperly sold by defendant, including $12,500 representing half of the value of a backhoe.[1] As for the marital residence, we are not persuaded by plaintiff's contention that he should have been awarded an adjustment based upon defendant's alleged dissipation of that asset. While the evidence did indicate that defendant had not maintained the residence in optimal condition, there was also evidence that the real estate market was overburdened with properties in the residence's price range and that market conditions, in general, had declined. As such, there is no definitive proof that the approximately $200,000 decline in the market value of the house was due solely to defendant's actions. Further, although plaintiff opined that the residence needed between $45,000 and $62,000 in repairs to become marketable, he submitted no proof to support these figures. Accordingly, we find no abuse of discretion in Supreme Court's determination to award each party a 50% interest in the marital residence.

Turning to the issue of maintenance, the amount and duration of maintenance awarded is a matter committed to the discretion of the trial court, after due consideration of the statutory factors and the parties' standard of living during the marriage (see Domestic Relations Law § 236 [B] [6] [a]; Roberto v Roberto, 90 AD3d 1373, 1376 [2011]). In awarding defendant maintenance, Supreme Court considered the statutory factors and determined that a maintenance award to defendant in the amount of $3,000 per month for two years and then $2,500 per month for three years was appropriate. Although defendant did not offer a statement of net worth at trial,[2] the record contains sufficient evidence regarding both parties' assets and liabilities to permit us to conclude that the durational maintenance award was a provident exercise of the court's discretion (see Smith v Smith, 17 AD3d 959, 960 [2005]).

Finally, we are not persuaded by plaintiff's contention that Supreme Court did not appropriately compensate him after finding defendant in contempt of the prior court order. Plaintiff was appropriately credited with his 50% interest in the market

1. We are not persuaded by plaintiff's contention that Supreme Court erred by classifying the backhoe as marital property. All property acquired by either party during the marriage, regardless of how title to it is held, is presumed to be marital property (see Fields v Fields, 15 NY3d 158, 165 [2010]). While at some point plaintiff may have used the backhoe in his business operations, that fact does not transform the backhoe into separate property.

2. We note that, although defendant filed a statement of net worth with Supreme Court in 2008, it was not proper for the court to take judicial notice of the factual material contained therein (see e.g. Matter of Grange v Grange, 78 AD3d 1253, 1255 [2010]).

value of the backhoe that defendant wrongfully sold (*see* Judiciary Law § 773). In light of, among other things, the parties' disparate incomes, we do not find that the court abused its discretion by not awarding plaintiff counsel fees associated with making the contempt motion (*see* Domestic Relations Law § 237 [b]).

Mercure, A.P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed, without costs.