*975 The parties’ marriage was terminated in a judgment of divorce dated December 15, 2010. With respect to the equitable distribution of the defendant’s pension, the judgment of divorce, in accordance with a stipulation of the parties and an order dated May 25, 2010, provides, in essence, that the plaintiff is entitled to a 50% share of the marital portion of the defendant’s pension, and that share must be distributed pursuant to the equitable distribution formula established in Majauskas v Majauskas (61 NY2d 481 [1984]). The judgment of divorce, in accordance with the order dated May 25, 2010, also provides that, if the defendant elects a pension option that does not have any survivor benefits, he must obtain appropriate life insurance.
The defendant moved, inter alia, in effect, to direct the plaintiff to furnish him with a copy of her birth certificate to enable him to elect the annuity option of his pension fund. Under the annuity option, the defendant would specify the annual amount the plaintiff would receive for the rest of her life upon his death. The plaintiff opposed the defendant’s motion and cross-moved, inter alia, in effect, to direct the defendant to elect the 100% joint and survivor option of his pension or obtain *976 life insurance to cover her 50% share of the marital portion of the defendant’s pension. In the order appealed from, the Supreme Court directed the plaintiff to furnish a copy of her birth certificate only for the purposes of the defendant’s electing the 100% joint and survivor option of his pension fund, or his obtaining life insurance. In addition, the Supreme Court determined that the annuity option was not a joint and survivor option. The defendant appeals, and we modify.
Under the circumstances of this case, where the parties never discussed the annuity option prior to the judgment of divorce, the Supreme Court properly declined to direct the plaintiff to furnish the defendant with a copy of her birth certificate to enable him to elect the annuity option of his pension fund (see Matter of Gursky v Gursky, 93 AD3d 1127 [2012]; Newman v Newman, 269 AD2d 873 [2000]; Von Buren v Von Buren, 252 AD2d 950, 951 [1998]).
However, we agree with the defendant that the Supreme Court erred in directing the plaintiff to furnish the defendant with a copy of her birth certificate only for the purposes of his electing the 100% joint and survivor option of his pension fund or his obtaining appropriate life insurance, as that option could potentially result in an award to the plaintiff that is more than she is entitled to under the equitable distribution formula enunciated in Majauskas v Majauskas (61 NY2d 481 [1984]; see Chambers v Chambers, 259 AD2d 807, 807-808 [1999]). The 100% joint and survivor option would, upon the defendant’s death, provide the plaintiff with the full monthly retirement allowance of the defendant’s pension for the rest of her life. In contrast, Option 3 of the defendant’s pension fund, the 50% joint and survivor option, would, upon the defendant’s death, provide the plaintiff with 50% of the original monthly retirement allowance for the rest of her life. The 50% joint and survivor option is closer to the equitable distribution formula set forth in Majauskas (61 NY2d 481; see Erickson v Erickson, 281 AD2d 862, 863 [2001]; Chambers v Chambers, 259 AD2d at 807-808).
Under these circumstances, the order must be modified as indicated herein.
The plaintiffs remaining contention is without merit. Rivera, J.R, Chambers, Hall and Roman, JJ., concur.