## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: November 13, 2014                518077

_____

JOHN C. FISHER,

                    Respondent,

        v                                  MEMORANDUM AND ORDER

CATHY ANN FISHER,

                    Appellant.

_____

Calendar Date:   September 9, 2014

Before:   Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

        Harlem & Jervis, Oneonta (Eric V. Jervis of counsel), for appellant.

        Joseph A. Ermeti, Sidney, for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Burns, J.), entered January 25, 2013 in Otsego County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

        Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1966 and have two adult children.  The husband commenced this action for divorce in 2011, at which time the parties' primary assets consisted of three parcels of real property located within walking distance of one another in the hamlet of East Worcester, Otsego County; one parcel was improved by the parties' marital residence, one parcel was improved by the husband's automotive repair garage and one parcel was vacant.  In addition to the enumerated parcels, the parties also owned a number of motor vehicles, including a 1940

Dodge Street Rod.

Following a nonjury trial, at which the parties and various appraisers appeared and testified, Supreme Court awarded the marital residence (valued at approximately $87,000) and its contents to the wife and awarded the repair shop (valued at approximately $52,000) and its contents to the husband. To account for this disparity, Supreme Court awarded the husband several of the parties' motor vehicles, while the wife retained her personal vehicle and certain shares of stock. Each party also retained any bank accounts held in his or her own name, and the cash value of the life insurance policies at issue – as well as the husband's pension – were to be divided equally.[1] Supreme Court also ordered the husband to pay maintenance to the wife in the amount of $500 per month for three years. This appeal by the wife ensued.

The wife initially contends that she is entitled to a distributive award in the amount of $10,000, representing one half of the alleged disparity between the respective bank accounts that she and the husband held in their own names. Although it is apparent from a review of the record that Supreme Court endeavored to divide the parties' marital assets as evenly as possible, the fact remains that equitable distribution does not require equal distribution in all instances (see Lurie v Lurie, 94 AD3d 1376, 1378 [2012]) and, in light of the remaining assets received by the wife, we discern no need for the requested distributive award.

As for the wife's challenge to the duration of the maintenance awarded to her, it is well settled that "the amount and duration of [the] maintenance awarded is a matter committed to the discretion of the trial court, after due consideration of the statutory factors and the parties' standard of living during

---

[1] The proceeds from any joint bank accounts also were to be divided equally between the parties, as were the proceeds from the court-ordered sale of the vacant lot and those motor vehicles not otherwise expressly awarded to either the husband or the wife.

the marriage" (Halse v Halse, 93 AD3d 1003, 1005 [2012]; see Domestic Relations Law § 236 [B] [6] [a]; Cornish v Eraca-Cornish, 107 AD3d 1322, 1324 [2013]).[2] At the time of trial, the parties – each of whom were in their early 60s and in good health – had been married for more than 40 years. Although the husband had been the primary wage earner during the course of the marriage, both parties were employed at the time of trial; the wife, who performed gardening work for a local campground and worked as a caretaker for an elderly woman, earned approximately $27,000 per year in salary and Social Security benefits, and the husband, who was a bus driver for a local school district, earned approximately $40,000 per year. The record further reflects that the parties enjoyed a modest standard of living during their marriage and, as noted previously, Supreme Court otherwise allocated the parties' marital assets in an equitable – and nearly equal – fashion. That said, while Supreme Court awarded the wife one half of the husband's pension, the husband has not yet retired, and we deem it appropriate – in order to avoid a potential gap in the wife's receipt of financial support – to modify the duration of the award by providing that the wife shall receive maintenance in the amount of $500 per month until such time as the husband retires and the wife begins receiving her portion of his pension benefits (cf. Settle v McCoy, 108 AD3d 810, 812 [2013]).

---

[2] Although not raised by the parties, we note that Domestic Relations Law § 236 (B) (6) (a) was amended in 2010 to add additional factors to be considered by the trial court in fashioning an award of postdivorce maintenance (see L 2010, ch 371, § 2). As this amendment applied to actions commenced on or after October 12, 2010 (see L 2010, ch 371, § 6), and given that this action was commenced in April 2011, Supreme Court should have considered the expanded list of statutory factors in arriving at a maintenance award. That said, remittal is not required, as "this Court's authority is as broad as Supreme Court's in resolving questions of maintenance" (McCaffrey v McCaffrey, 107 AD3d 1106, 1108 [2013] [internal quotation marks and citations omitted]; cf. Ingersoll v Ingersoll, 86 AD3d 684, 685 [2011]).

With respect to the allocation of the husband's pension rights, a pension that qualifies as marital property may be distributed either in a lump sum or future periodic payments (see Shapiro v Shapiro, 91 AD3d 1094, 1095 [2012]). To that end, where the titled spouse lacks the present ability to pay for the equitable distribution of his or her pension, a deferred distribution is entirely appropriate (see Chambers v Chambers, 259 AD2d 807, 808 [1999]). Here, the wife does not quarrel with Supreme Court's decision to award her 50% of the husband's pension but, rather, faults the court for failing to direct that the husband select a particular payout option. Inasmuch as no request for such a directive was made by the wife — either during the course of the trial or in her posttrial submissions — this issue is not properly before us (see Nalbandian v Nalbandian, 135 AD2d 621, 623 [1987], lv denied 71 NY2d 802 [1988]). The wife's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., Rose and Clark, JJ., concur.


Lynch, J. (concurring in part and dissenting in part).

I join in the majority opinion, except with respect to Supreme Court's failure to address the selection of a particular payment option for the pension of plaintiff (hereinafter the husband). A review of the record shows that the available options were received in evidence, but neither party addressed the selection of an option. As it currently stands, the husband could select the "single life allowance" option, which yields the highest payment but will stop when the husband dies. The reasoned concern of defendant (hereinafter the wife) is that if her husband predeceases her, she will lose her share of the pension benefit. This is not a situation where the parties addressed the selection of an option in a separation agreement, or expressly agreed to have the court make a selection (compare Mager v Mager, 267 AD2d 807, 807 [1999]). Nonetheless, the complete distribution of this marital asset was before the court, and simply providing for a 50% distribution to each party was not

enough to account for the wife's share of this asset.[1]  In reviewing the available options, it is my view that the "Pop-Up/Joint Allowance Half" would be appropriate here.  Under that option, upon the husband's death the wife would continue to receive 50% of the original monthly retirement allowance for life; if the wife predeceased the husband, the husband's benefit would be increased to the single life allowance (compare McVeigh v Curry, 99 AD3d 974, 976 [2012]; Mager v Mager, 267 AD2d at 808).  Although this selection yields a reduced lifetime benefit for the parties, on balance this option would secure each party's equitable interest.  Pending the husband's retirement, the husband should also be required to maintain the wife as the designated beneficiary for any death benefit in order to adequately protect the award to her.

ORDERED that the judgment is modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff maintenance in the amount of $500 per month for three years; plaintiff is awarded maintenance in the amount of $500 per month until such time as defendant retires and plaintiff begins receiving her portion of defendant's pension benefits; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  Although Supreme Court did not specify that the distribution would be in accordance with the formula enunciated in Majauskas v Majauskas (61 NY2d 481 [1989]), it is evident that this was the intent, and the pension should be distributed in accord with the Majauskas formula.