Lynch, J.
(concurring in part and dissenting in part). I join in the majority opinion, except with respect to Supreme Court’s failure to address the selection of a particular payment option for the pension of plaintiff (hereinafter the husband). A review of the record shows that the available options were received in evidence, but neither party addressed the selection of an option. As it currently stands, the husband could select the “single life allowance” option, which yields the highest payment but will stop when the husband dies. The reasoned concern of defendant (hereinafter the wife) is that if her husband predeceases her, she will lose her share of the pension benefit. This is not a situation where the parties addressed the selection of an option in a separation agreement, or expressly agreed to have the court make a selection (compare Mager v Mager, 267 AD2d 807, 807 [1999]). Nonetheless, the complete distribution of this marital asset was before the court, and simply providing for a 50% distribution to each party was not enough to account for the wife’s *1035 share of this asset.[3] In reviewing the available options, it is my view that the “Pop-Up/Joint Allowance Half” would be appropriate here. Under that option, upon the husband’s death the wife would continue to receive 50% of the original monthly retirement allowance for life; if the wife predeceased the husband, the husband’s benefit would be increased to the single life allowance (compare McVeigh v Curry, 99 AD3d 974, 976 [2012]; Mager v Mager, 267 AD2d at 808). Although this selection yields a reduced lifetime benefit for the parties, on balance this option would secure each party’s equitable interest. Pending the husband’s retirement, the husband should also be required to maintain the wife as the designated beneficiary for any death benefit in order to adequately protect the award to her.
Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff maintenance in the amount of $500 per month for three years; plaintiff is awarded maintenance in the amount of $500 per month until such time as defendant retires and plaintiff begins receiving her portion of defendant’s pension benefits; and, as so modified, affirmed.

. Although Supreme Court did not specify that the distribution would be in accordance with the formula enunciated in Majauskas v Majauskas (61 NY2d 481 [1984]), it is evident that this was the intent, and the pension should be distributed in accord with the Majauskas formula.