■ CHARLES R. CAMERON, Appellant, v SUSAN A. CAMERON, Respondent. [857 NYS2d 793]—

Mercure, J. Appeal from a judgment of the Supreme Court

(Rogers, J.), entered October 3, 2006 in St. Lawrence County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

In 2004, the parties divorced after nearly 50 years of marriage. Upon plaintiff's appeal, this Court reversed so much of the judgment of divorce as ordered equitable distribution of, among other things, his pension (22 AD3d 911 [2005]). We remitted the matter to Supreme Court for distribution of the marital portion of plaintiff's pension, directing the court to give appropriate consideration to any tax consequences, and for redetermination of his maintenance obligation (*id.* at 913). Upon remittal, Supreme Court noted that an amended qualified domestic relations order had been entered subsequent to the judgment of divorce, which properly recalculated the marital portion of plaintiff's pension in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481, 490, 494 [1984]). The court directed the parties to submit a proposed distribution of the pension with complete analysis of potential tax consequences. After both parties failed to submit any evidence regarding tax consequences, Supreme Court deemed the argument waived, redistributed the parties' property, and redetermined maintenance accordingly. Plaintiff appeals, arguing that Supreme Court improperly failed to take into account the appropriate tax implications in redistributing his pension, and abused its discretion in awarding defendant permanent maintenance.

We affirm. In light of plaintiff's failure to submit a proposed distribution and any evidence of associated tax consequences, Supreme Court properly declined to consider the tax consequences now asserted before us (*see e.g. Altieri v Altieri,* 35 AD3d 1093, 1095 [2006]; *Vicinanzo v Vicinanzo,* 193 AD2d 962, 968 [1993]; *Simmons v Simmons,* 159 AD2d 775, 777 [1990]). Moreover, inasmuch as the record reflects that Supreme Court gave appropriate consideration to the pertinent factors set forth in Domestic Relations Law § 236 (B) (6) (a) and the redistribution of property upon remittal, we reject plaintiff's argument that the court abused its discretion in awarding defendant nondurational maintenance of $300 per month (*see Hartog v Hartog,* 85 NY2d 36, 51-52 [1995]; *Brzuszkiewicz v Brzuszkiewicz,* 28 AD3d 860, 862 [2006]; *Kay v Kay,* 302 AD2d 711, 712 [2003]). Plaintiff's remaining arguments, to the extent not addressed herein, have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.