Kavanagh, J.
In February 2000, a judgment of divorce incorporated by reference, but did not merge, the parties’ December 1999 stipulation of settlement, which required plaintiff (hereinafter the husband) to pay $287 per week in child support. In May 2001, defendant (hereinafter the wife) moved by order to show cause to hold the husband in contempt for failing to make these child support payments.* As a result, Supreme Court (Kane, J.), issued an order, on consent, which directed the husband to pay $287 per week in child support through the child support collection unit.
Some 10 years later, the wife, in May 2011, filed a petition alleging that the husband failed to make the required child support payments and owed nearly $10,000 in arrears. In response, the husband moved to vacate that part of the stipulation that required him to pay child support arguing that it did not comply with the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [hereinafter CSSA]). Supreme Court (Cahill, J.) denied the husband’s motion, prompting this appeal.
We affirm. The parties’ oral stipulation, which was placed on the record by the husband’s counsel, stated that the provision requiring child support was consistent with the CSSA and each party informed Supreme Court that they understood that the amount of child support to be paid by the husband was consistent with the CSSA guidelines. Further, the husband’s counsel submitted to the court a worksheet that documented how the amount to be paid by the husband for child support was calculated and how it conformed to the CSSA. As such, we reject the husband’s claim that the stipulation failed to meet the requirements of the CSSA (see Domestic Relations Law § 240 [1-b] [h]; McCarthy v McCarthy, 77 AD3d 1119, 1120 [2010]; Sullivan v Sullivan, 46 AD3d 1195, 1196-1197 [2007]). As for his contention that the calculation of his child support obligation failed to take into account certain deductions, this argument was not raised before Supreme Court and cannot be raised for the first time on appeal (see generally Matter of Marcklinger v Liebert, 72 AD3d 1431, 1433 [2010]; Matter of Van Buren v Burnett, 58 AD3d 900, 902 [2009]).
*958 Rose, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 The wife also filed a petition in Family Court alleging that the husband had violated the child support order.