*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                518680
_____

PHILOMENA CURLEY,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

CHARLES M. CURLEY,
                    Appellant.
_____


Calendar Date:  January 14, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____


        Tate Law Office, Liverpool (Jonathan O. Tate of counsel),
for appellant.

        Alderman & Alderman, Syracuse (Edward B. Alderman of
counsel), for respondent.

                    _____


Garry, J.

        Appeal from a judgment of the Supreme Court (Rumsey, J.),
entered June 13, 2013 in Cortland County, ordering, among other
things, equitable distribution of the parties' marital property,
upon a decision of the court.

        The parties were married in 1979 and have no children
together.  On June 16, 2009, plaintiff (hereinafter the wife)
commenced this action seeking a judgment of divorce and related
relief, and defendant (hereinafter the husband) responded by
serving an answer and cross claim seeking the same.  The parties
ultimately stipulated to grounds for divorce, and a trial of the
remaining unresolved issues was held in November 2011.  Supreme
Court issued a decision in July 2012, which was subsequently
merged into a judgment of divorce, ordering the equitable

distribution of certain property and directing the husband to pay spousal maintenance and counsel fees.  The husband appeals.

As to maintenance, Supreme Court ordered the husband to pay $900 per month starting upon the date of the wife's commencement of the action in June 2009 through December 2012, and $500 per month thereafter from January 2013 through December 2013, at which time the husband's maintenance obligation would end.  In making an award of spousal maintenance, the court is required to consider the statutory factors set forth in the Domestic Relations Law and the marital standard of living (see Domestic Relations Law § 236 [B] [6]; Alecca v Alecca, 111 AD3d 1127, 1129 [2013]; Roberto v Roberto, 90 AD3d 1373, 1376 [2011]).  The court must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance, but it "is not required to analyze and apply every factor set forth in [the statute]" (McAteer v McAteer, 294 AD2d 783, 784 [2002]; see Hartog v Hartog, 85 NY2d 36, 51 [1995]; Quarty v Quarty, 96 AD3d 1274, 1277 [2012]; Freas v Freas, 33 AD3d 1069, 1071 [2006]; Wojewodzic v Wojewodzic, 300 AD2d 985, 986 [2002]).  The issue is addressed to the court's sound discretion (see Settle v McCoy, 108 AD3d 810, 811 [2013]; Armstrong v Armstrong, 72 AD3d 1409, 1415 [2010]), and we have found maintenance to be appropriate when, among other things, the marriage was long-lasting and when one spouse made significant noneconomic contributions to the household or to the career of the other (see Williams v Williams, 99 AD3d 1094, 1095 [2012]).

Here, contrary to the husband's contention upon appeal, we find that the decision reflects that Supreme Court properly considered the relevant statutory factors, and provided a reasoned analysis of those upon which it had based the award.  The court noted that the parties had no children, were both in good health, and had been married for nearly 30 years.  During most of that time, the wife worked full time and also contributed to the household by doing most of the cooking, cleaning, and laundering.  The wife had a high school degree; during the marriage, the husband returned to school to obtain a Master's degree, while the wife continued to work.  At the time of trial, the wife had retired, while the husband was still working as an engineer.  The court noted the wife's testimony that she believed

her position was in jeopardy when she accepted an early retirement incentive and, without expressly crediting this testimony, further noted that the position had not been filled in the two years between the retirement and the date of trial. However, in light of the wife's further testimony that she did not intend to seek alternate employment, and in accord with the purpose of maintenance to promote self-sufficiency (see Biagiotti v Biagiotti, 97 AD3d 941, 942 [2012]), the court limited the duration of the husband's obligation and provided for the amount paid to substantially decrease over time. Upon review and considering all of the circumstances, and particularly in view of the durational limitation, we find that the court's award of maintenance was appropriate, and we decline to disturb it (see id.).

The husband further argues that Supreme Court erred by not awarding him a distributive share of the wife's retirement incentive benefits. The record reveals that, in exchange for agreeing to retire from her position as a university administrator and surrender her accrued vacation and sick leave, the wife was paid a lump sum of money shortly after commencement of the divorce action. The husband asserts that the wife's eligibility for the retirement incentive benefits was derived from her employment during the marriage and, as such, the benefits should have been subject to equitable distribution. Benefits received in consideration for an early retirement will constitute marital property if the right to the payments arose during the marriage, or where the incentive is intended as compensation for past services rendered by the employee-spouse during the marriage (see Olivo v Olivo, 82 NY2d 202, 207-208 [1993]; compare Bink v Bink, 55 AD3d 1244, 1245 [2008]). Here, the wife's inclusion in the retirement incentive program was based, at least in part, on the number of years of service to her employer (see Osorio v Osorio, 84 AD3d 1333, 1335 [2011]). Additionally, the wife testified that she accepted inclusion in the early retirement program in April 2009. This evidence is reinforced by an email from the wife's employer indicating that the employer's decision regarding which employees would be accepted into the early retirement program would be made in April 2009. Thus, we find that the wife's entitlement to the early retirement benefits vested during the marriage. The mere fact

that the incentive benefits were not paid until following the commencement of the proceedings did not alter their status as marital property subject to equitable distribution (see Hartog v Hartog, 85 NY2d at 49; Howe v Howe, 68 AD3d 38, 46 [2009]; Nielsen v Nielsen, 256 AD2d 1173, 1173 [1998]).

Next, the husband argues that Supreme Court erred by selecting improper valuation dates when determining the value of the parties' investment and retirement accounts. In selecting a valuation date, a trial court has broad discretion and may select any appropriate date between the date of commencement and the date of trial (see Domestic Relations Law § 236 [B] [4] [b]; Williams v Williams, 99 AD3d at 1096; Halse v Halse, 93 AD3d 1003, 1004 [2012]). Upon review, we find no error in the court's selection of a valuation date for the husband's TD Ameritrade investment account. As to the wife's TIAA-CREF retirement account, however, the court improvidently exercised its discretion by selecting a valuation date of June 12, 2009, prior to the commencement of the action. In this regard, the parties have advised this Court that further proceedings pertaining to the TIAA-CREF account have taken place in Supreme Court during the pendency of this appeal, and the wife contends that the husband has waived his right to raise issues related to this account on appeal by accepting distribution of a share of the account. However, any such acceptance did not constitute a waiver, as the purpose of the husband's appeal was to increase the amount of the award, and the wife does not argue that he was not entitled to the amounts he has allegedly accepted (see Cornell v T.V. Development Corp., 17 NY2d 69, 73 [1966]; Matter of Fleischer, 126 AD2d 805, 807 [1987]; compare Roffey v Roffey, 217 AD2d 864, 865-866 [1995]). We find that the issue of selecting an appropriate valuation date for the TIAA-CREF account, as well as other issues raised by the parties in relation to that account, are best addressed by remittal to Supreme Court, where a full record of the subsequent proceedings is available.

Next, we reject the husband's claim that Supreme Court erred in allowing the wife to receive her distributive share from the proceeds of the sale of the parties' marital home without regard for the resulting tax consequences to the husband. The

husband presented no evidence with respect to any alleged tax consequences, and the court was not required to independently analyze the myriad of potential tax ramifications on the parties (see Taverna v Taverna, 56 AD3d 461, 462 [2008]; Cameron v Cameron, 51 AD3d 1165, 1166 [2008], lv denied 11 NY3d 702 [2008]; Altieri v Altieri, 35 AD3d 1093, 1095 [2006]).

Finally, as to the award of counsel fees, the record fails to demonstrate that the wife properly supported her claim by filing a copy of the retainer agreement and a detailed affidavit setting forth the charges incurred (see Domestic Relations Law § 237 [a]; 22 NYCRR 1400.3). An award of counsel fees requires that an evidentiary basis be established as to two elements: the parties' respective financial circumstances and the value of the legal services rendered (see Yarinsky v Yarinsky, 2 AD3d 1108, 1110 [2003]). Here, the wife's testimony at trial as to the amount she had expended, without more, failed to "furnish a meaningful way to gauge the value of the services rendered" (Barnaby v Barnaby, 259 AD2d 870, 872 [1999]). Accordingly, we reverse the award rendered in the judgment, while specifically noting that this does not affect an earlier award of pendente lite counsel fees.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) denied defendant equitable distribution of plaintiff's early retirement benefits, (2) established a valuation date of June 12, 2009 for plaintiff's TIAA-CREF account, and (3) awarded counsel fees to plaintiff; defendant is entitled to equitable distribution of plaintiff's early retirement incentive benefits and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court