*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    520240
_____

MARIA LUCIA CARVALHO,
                    Appellant,
          v                                   MEMORANDUM AND ORDER

MANUEL J. CARVALHO,
                    Respondent.
_____


Calendar Date:  April 29, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.


                    _____


          Thomas F. Garner, Middleburgh, for appellant.

          Law Offices of Walter Terry, Oneonta (Patricia L. Canner of counsel), for respondent.


                    _____


Rose, J.

          Appeal from a judgment of the Supreme Court (Burns, J.), entered February 28, 2014 in Otsego County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

          After 33 years of marriage and raising four emancipated children, plaintiff (hereinafter the wife) commenced this divorce action in September 2011.  The parties were able to stipulate to the distribution of a number of marital assets, and a trial was held to determine how their remaining assets — the existence and value of which were in dispute — would be equitably distributed. Supreme Court granted the parties a judgment of divorce and issued an order directing that all of the parties' assets were marital property.  The court found that, among other things, the division of their assets should be equal, but that the wife had

transferred or spent $103,000 of marital assets without compensating defendant (hereinafter the husband). To account for these expenditures, the court increased the husband's distributive award by one half of this amount and reduced the wife's distribution by the same amount. The wife appeals.

The wife does not deny that she transferred or spent $103,000 of the parties' assets over the course of more than two years following the commencement of the action. Rather, she argues that Supreme Court abused its discretion by awarding the husband a distributive share of one half of this entire amount because he did not establish his claim that she had wastefully dissipated all of these funds. We must agree. When the courts fashion an equitable distribution award involving marital assets that are wastefully dissipated, as the husband claimed here, we credit the other spouse for his or her distributive share of those depleted assets (see e.g. Murray v Murray, 101 AD3d 1320, 1324-1325 [2012], lv dismissed 20 NY3d 1085 [2013]; Altieri v Altieri, 35 AD3d 1093, 1095 [2006]; Harbour v Harbour, 227 AD2d 882, 884 [1996]). However, when the depleted marital assets have been spent on legitimate household or living expenses, they are not included in the equitable distribution calculus (see e.g. Epstein v Messner, 73 AD3d 843, 846 [2010]; Waldmann v Waldmann, 231 AD2d 710, 711 [1996], lv denied 89 NY2d 809 [1997]; Harbour v Harbour, 227 AD2d at 883-884; Brandt v Brandt, 176 AD2d 1016, 1017 [1991]; Seeley v Seeley, 135 AD2d 703, 704 [1987]). Significantly, it was the husband's burden to "prov[e] that [the wife] in fact wastefully dissipated any marital asset" (Unger-Matusik v Matusik, 276 AD2d 936, 938 [2000]; see Treffiletti v Treffiletti, 252 AD2d 635, 637 [1998]; Strang v Strang, 222 AD2d 975, 978 [1995]).

Here, Supreme Court expressly states in its order that there was insufficient evidence to determine how much money the wife wastefully dissipated. Nonetheless, the court chose to award the husband his distributive share of the full amount in question, after stating generally, and without further explanation, that the wife was "less than credible" and that, therefore, all "disputes of fact" had been resolved in the husband's favor. In our view, however, this portion of the order dealing with the transferred $103,000 contradicts itself,

inasmuch as its practical effect is to treat the entire amount as having been wastefully dissipated, despite the court's finding that the evidence was insufficient to make such a determination. Furthermore, our own review of the record confirms the lack of evidence to support a finding that the entire amount was wastefully dissipated.

At trial, the wife testified that $5,000 of the $103,000 in marital assets that she had transferred into a personal checking account with NBT Bank remained in that account. Supreme Court included this $5,000 NBT Bank account balance in the credits and reductions that it imposed after finding that the entire amount of $103,000 had been improperly transferred. However, the court also ordered that the $5,000 account balance be distributed to the wife, with a corresponding distribution of other marital assets in like amount to the husband. By awarding defendant $5,000 worth of other marital assets to offset a distribution of this account balance to the wife and simultaneously treating the $5,000 as though it had been wastefully dissipated, the wife was unfairly penalized. Accordingly, the total amount of assets that should have been subject to the court's apparent wasteful distribution analysis is $98,000, rather than $103,000 ($103,000-$5,000 = $98,000). We therefore remit the matter to Supreme Court for the purpose of increasing the wife's distributive award by the amount of $2,500 and reducing the husband's award by the same amount.

When questioned about how the rest of the money – i.e., $98,000 – was spent, the wife admitted that she used $24,000 to purchase a 2014 Surbaru Forester because her old vehicle – a 2010 Pontiac Vibe that was fully paid off – needed a new battery. She also admitted that she had spent $14,000 on a landscaping project at her residence. In reviewing this testimony, we find that the wife's admissions constitute sufficient proof that she wastefully dissipated $38,000 in marital assets, $24,000 of which she needlessly spent on the new vehicle, and $14,000 of which she spent on the landscaping project that, in our view, is beyond what could be reasonably considered to be a normal household or living expense. Therefore, we further find that Supreme Court properly exercised its discretion in awarding the husband one half of these funds – i.e., $19,000 – and reducing the wife's

award by the same amount (see Harbour v Harbour, 227 AD2d at 884).

        As for the remaining $60,000 of the depleted $98,000 in marital assets ($98,000-$38,000 = $60,000), the husband failed to meet the burden imposed by his position adopted at trial and on appeal, namely, that these funds were wastefully dissipated. With respect to these expenditures, the wife testified that she spent $7,000 on property and school taxes. She also explained, albeit in general terms and with the aid of a Portugese-language interpreter, that she used the remaining $53,000 for bills, insurance premiums and other household and living expenses necessary to support herself because, at age 70, she had no personal income other than $9,000 per year in Social Security payments. Indeed, the only evidence in the record regarding the manner in which the wife spent these funds is her own testimony, in which she repeatedly stated that she used the money for legitimate household and living expenses over the course of more than two years. Thus, the husband raised no "disputes of fact" that called for a credibility determination with respect to these expenditures. In our view, the only reasonable conclusion that this evidence supports is that the wife used the remaining $60,000 for legitimate living expenses and, further, that the husband failed to establish that the wife wastefully dissipated these funds (compare McGarrity v McGarrity, 211 AD2d 669, 670-671 [1995]). Accordingly, we find that Supreme Court abused its considerable discretion by awarding the husband one half of these funds – i.e., $30,000 – and reducing the wife's award by the same amount, inasmuch as these funds should have been removed altogether from the pool of marital assets. We therefore remit the matter to Supreme Court for the additional purpose of increasing the wife's distributive award by the amount of $30,000 and reducing the husband's award by the same amount.

        The wife also contends that Supreme Court failed to value and distribute the proceeds of a Wells Fargo IRA in the husband's name. Although the parties did not stipulate to this account, the husband's June 2012 statement of net worth unambiguously states that he had an IRA with Wells Fargo with a balance of

$18,842.97.[1]  The husband also confirmed at trial that the account had once existed, but further admitted that he had liquidated it and deposited the funds into his checking account with Delaware National Bank, which he then used to pay his bills during the pendency of this action.[2]  Notably, however, just as the husband did not dispute the wife's assertion that she used certain marital assets to pay legitimate household and living expenses, the wife did not challenge the husband's claim that he used his Wells Fargo IRA funds in a similar manner.  Thus, the evidence confines us to the same conclusion regarding this account, namely, that the husband spent the funds on legitimate expenses.  Accordingly, we will not disturb Supreme Court's failure to value or distribute the proceeds of the husband's Wells Fargo IRA among the parties (see Harbour v Harbour, 227 AD2d at 883-884; Seeley v Seeley, 135 AD2d at 704).

The wife next argues that Supreme Court erred in failing to value and distribute a jointly held money market account with Delaware National Bank.  Although the parties stipulated to the existence of this account, neither party presented evidence establishing its balance on the date of commencement of the action.  Indeed, other than the parties' statements of net worth and their own testimony, the record is devoid of any evidence indicating the balance of this or any other account belonging to either party on the commencement date.  This account's balance is listed in the husband's statement of net worth as $29,370.52, and the husband stated at trial that his plan for the account was to

_____

[1]  We reject the husband's argument that his statement of net worth cannot be relied upon as evidence of the existence of this account, as he stated at trial that he had no objection to the wife's request that Supreme Court make the parties' statements of net worth part of the trial record (compare Halse v Halse, 93 AD3d 1003, 1005 n 2 [2012]).

[2]  Notwithstanding Supreme Court's misidentification of the wife as the owner of this account in the list of stipulated assets in its decision and order, the record is clear that the non-joint, Delaware National Bank checking account was opened in the husband's name alone.

close it and divide the proceeds with the wife.  In light of
this, and the absence of any evidence of a different account
balance, we agree with the wife that Supreme Court should have
valued the Delaware National Bank joint money market account at
$29,370.52 and distributed it equally among the parties (see
Altomer v Altomer, 300 AD2d 927, 928, 928 n 2 [2002]; Eigenbrodt
v Eigenbrodt, 217 AD2d 752, 754 [1995]).  Accordingly, we remit
the matter for this purpose as well.

        The wife next challenges Supreme Court's valuations of what
the parties refer to as the "Millennium" account, a money market
account in the husband's name located in Portugal, and their
escrow account with the accounting firm of Abbe & Lamarco.
Regarding the Millennium account, the wife stipulated to the
court's distribution of the full account balance to the husband
and, thus, her argument on appeal is limited to her contention
that the court should have addressed the discrepancy between the
€36,316.53 account balance listed on the husband's statement of
net worth and his trial testimony, in which he initially stated
that the current balance was $19,500, but later stated that he
thought the account was valued in euros, not dollars.
Significantly, however, the wife did not challenge, either at
trial or in her written summation, the husband's testimony about
the account balance, nor did she present any evidence of the
exchange rate between dollars and euros.  Thus, in view of the
paucity of evidence regarding this account and the court's
"substantial discretion in setting the valuation date any time
between the commencement of the action and the date of the trial"
(Halse v Halse, 93 AD3d 1003, 1004 [2012]; see Domestic Relations
Law § 236 [B] [4] [b]; McSparron v McSparron, 87 NY2d 275, 287-
288 [1995]), we cannot say that Supreme Court abused its
discretion in crediting the husband's testimony and valuing the
Millennium account at $19,500.  For the same reasons, we decline
to disturb the court's valuation of the Abbe & Lamarco escrow
account, which was also based upon the husband's undisputed
testimony that the balance of this account at the time of trial
was $7,900.[3]

_____

    [3]  The wife's contention on appeal that the husband
wastefully dissipated the $11,367.90 difference between this

We also disagree with the wife's argument that Supreme Court improperly adopted the husband's posttrial summation as its distribution order.  As the record makes clear, the court issued its own written findings of fact, in which it properly considered the requisite statutory factors and "did not [otherwise] abdicate its responsibilities by adopting the parties' findings and conclusions wholesale" (Noble v Noble, 78 AD3d 1386, 1387 [2010]; see Winship v Winship, 115 AD3d 1328, 1328-1329 [2014]; compare Capasso v Capasso, 119 AD2d 268, 275-276 [1986]).  We have considered the parties' remaining arguments and find them to be unavailing.

McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur.

---

balance and the balance reported in the husband's net worth statement was not raised before Supreme Court and, as a result, is unpreserved for our review (see Hildreth-Henry v Henry, 27 AD3d 419, 420 [2006]; Elkenani v Abdel-Raouf, 290 AD2d 720, 721 [2002], lv dismissed 98 NY2d 646 [2002]).  We note that, by setting the valuation date of these two marital assets as of the time of trial, Supreme Court tacitly permitted the husband to use them to pay his own expenses during the pendency of the action.

ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as (1) awarded marital assets to the respective parties so as to increase the value of defendant's distributive share and to correspondingly decrease plaintiff's distributive share by one half of the $103,000 in marital assets that plaintiff transferred into a personal checking account after the commencement of this action, and (2) failed to value and distribute the parties' joint money market account with Delaware National Bank; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court