*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    522163
_____

MARIA CERVONI,
                    Respondent,

          v                              MEMORANDUM AND ORDER

CARLO CERVONI,
                    Appellant.
_____


Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                    _____


          Jackson Bergman, LLP, Binghamton (Benjamin K. Bergman of
counsel), for appellant.

          Richard J. Grace, Binghamton, for respondent.

                    _____


Devine, J.

          Appeal from a judgment of the Supreme Court (Connerton,
J.), entered March 2, 2015 in Broome County, ordering, among
other things, equitable distribution of the parties' marital
property, upon a decision of the court.

          Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 1975 and have no unemancipated
children.  The wife commenced this divorce action in 2013,
asserting an irretrievable breakdown in the marriage
(see Domestic Relations Law § 170 [7]).  Following a nonjury
trial, Supreme Court issued a November 2014 decision in which it
found that the grounds for divorce had been established and
outlined the details of its equitable distribution and
maintenance awards.  Supreme Court issued a judgment of divorce
that incorporated the terms of that decision, and the husband

appeals.

The husband first argues that Supreme Court erred in ordering him to pay the wife $1,000 a month in maintenance for 10 years. The amount and duration of a maintenance award are a matter within the sound discretion of Supreme Court, and the award will not be disturbed so long as "the statutory factors and the parties' predivorce standard of living" were properly considered (Murray v Murray, 101 AD3d 1320, 1322 [2012], lv dismissed 20 NY3d 1085 [2013]; accord Robinson v Robinson, 133 AD3d 1185, 1186 [2015]). Supreme Court made a detailed analysis in which it considered the then-applicable statutory factors and, contrary to the husband's contention, it was not required to "apply each and every factor set forth in the statute" in doing so (Robinson v Robinson, 133 AD3d at 1186; see Domestic Relations Law § 236 [B] [former (6)]; Curley v Curley, 125 AD3d 1227, 1228 [2015]).

As to whether the award constituted an abuse of discretion, the husband is self-employed by a construction company that he founded in 1985, and he acknowledged that he paid for essentially all of his personal obligations using corporate funds. Supreme Court aptly observed, as a result, that the husband had far greater financial resources than his lack of personal banking accounts and meager reported income would suggest. In contrast, the wife earned a bit over $22,000 in 2013, moved in with her adult son upon leaving the marital residence and was unlikely to significantly improve her earning capacity. Supreme Court relied upon the income disparity between the parties in fashioning its award of maintenance and, particularly given the length of the marriage and the financial sacrifices made by the wife in order to act as caregiver for the parties' children and provide the family with health insurance, we perceive no abuse of discretion in the amount or duration of maintenance awarded (see Robinson v Robinson, 133 AD3d at 1186-1187; Curley v Curley, 125 AD3d at 1228-1229; Murray v Murray, 101 AD3d at 1322; O'Connor v O'Connor, 91 AD3d 1107, 1108-1109 [2012]).

The husband also challenges "aspects of Supreme Court's equitable distribution award, which will not be disturbed absent an abuse of discretion or failure to consider the requisite

statutory factors" (<u>Robinson v Robinson</u>, 133 AD3d at 1187
[internal quotation marks and citations omitted]; <u>see</u> <u>Mahoney-Buntzman v Buntzman</u>, 12 NY3d 415, 420 [2009]; <u>Mula v Mula</u>, 131
AD3d 1296, 1298 [2015]).  Supreme Court valued the marital assets
at $816,619.65 and, after considering the pertinent statutory
factors (<u>see</u> Domestic Relations Law § 236 [B] [5] [d]),
determined that those assets should be divided equally.  The
largest marital asset by far was the company, which owned a
variety of real property and equipment, and Supreme Court found
that it had a net value of $625,864.47.  Supreme Court awarded
the company to the husband and, to account for the resulting
disparity in asset distribution, ordered him to pay a
distributive award of $392,604.64 to the wife over the course of
five years.

The husband does not seriously dispute, and we agree with
Supreme Court, that an equal division of marital property was
called for.  He does argue that the valuation of certain company
equipment and the method of division was improper.  In that
regard, most, but not all, of the company's equipment was valued
by an expert appraiser, and Supreme Court valued some other
equipment by halving its cost basis as listed on a 2013 equipment
depreciation schedule.[1]  There is nothing improper in considering
depreciation in valuing the assets of a business and, given that
"valuation is an exercise properly within the fact-finding power
of the trial courts," we cannot say that Supreme Court erred in
valuing those items as it did (<u>Burns v Burns</u>, 84 NY2d 369, 375
[1994]; <u>accord</u> <u>Gaglio v Molnar-Gaglio</u>, 300 AD2d 934, 937 [2002];
<u>see</u> Brett R. Turner, 2 Equitable Distribution of Property § 7.21
[3d ed 2015]).

---

[1]  The husband points out the lack of other proof to
establish the value or the continued ownership of this additional
equipment, but it was he who placed the 2013 depreciation
schedule into evidence at trial.  The schedule was admitted
during the testimony of an accountant, who gave no indication
that the equipment was no longer in the possession of the
company.  The husband notably fails to assert on this appeal that
the equipment is actually valueless or no longer in the company's
possession.

The husband also asserts that certain pieces of equipment were double-counted in calculating the equitable distribution award and, while we are not uniformly persuaded by those assertions, we do agree that an excavator for which the record contains an invoice and the appraiser's assessment of its value was counted twice. Supreme Court likewise seems to have double-counted a vibratory roller listed on the depreciation schedule that the appraiser's testimony reveals was the same item he appraised as a "compactor." Since Supreme Court found the appraised value of those items to be credible, we modify the judgment to remove the additional valuations, amounting to $69,360, which reduces the total value of the marital estate to $747,259.65. The effect of that reduction is to reduce the distributive award to be paid by the husband to $357,624.65.

The husband's remaining contentions have been examined and found to be lacking in merit.

Garry, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.

ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as double-counted certain marital property as set forth in this Court's decision; reduce the net value of the marital estate to $747,259.65 and plaintiff's distributive award to $357,624.65; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court