SCOTT RAMMOND BARNHART, Appellant, v JENNIFER HOPE BARNHART, Respondent. [48 NYS3d 818]—

McCarthy, J.P. Appeal from a judgment of the Supreme Court (Burns, J.), entered October 23, 2015 in Delaware County, which ordered, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 2002. In 2014, the husband brought this action for divorce based on an irretrievable breakdown in the parties' relationship for a period of time in excess of six months. A trial was held in May 2015. Neither party—both of whom were represented by counsel—complied with 22 NYCRR 202.16 (h), which required them to submit statements of proposed distribution that specified, among other things, "assets claimed to be marital property[,] . . . assets claimed to be separate property . . . [and] the amount requested for maintenance, indicating and elaborating upon the statutory factors forming the basis for the maintenance request" (22 NYCRR 202.16 [h] [1] [i], [ii], [iv]). Neither party made opening or closing statements at trial and neither party submitted expert evidence or evidence in the form of financial

documentation or title documentation related to any asset at issue. Moreover, the parties were the only witnesses at the trial. Thereafter, Supreme Court (Becker, J.) issued an order granting the wife $250 a week in maintenance for an approximately 11-year period and determining the value and equitable distribution of the marital residence, tangible personal property and retirement savings. More specifically, after determining the value of marital property and making various awards of the marital residence and tangible personal property,[1] the court ordered the husband to "take all necessary steps to place" a specified amount of his retirement account in the wife's name, which, according to the court's valuations, led to an overall equal division of the marital property. Thereafter, Supreme Court (Burns, J.) issued a judgment of divorce, incorporating the order. The husband appeals.

Initially, the husband argues that he and the wife submitted such little evidence at the trial that this Court ought to order a retrial. However, the only error that the husband attributes to Supreme Court (Becker, J.) regarding the trial is that the court ought to have ordered him and the wife to submit statements of proposed distribution pursuant to 22 NYCRR 202.16 (h). At no point prior to the court's issuance of its order did the husband contend that the court could not resolve the issues raised at trial in the absence of the parties' compliance with 22 NYCRR 202.16 (h), and therefore that argument is unpreserved for our review (*see Carvalho v Carvalho*, 140 AD3d 1544, 1549 [2016]).

Turning to equitable distribution, we disagree with the husband that there was insufficient evidence for Supreme Court to value the marital home, which was distributed to the wife. When examined at trial about the value of the marital home, the husband testified that the home was worth "$50,000[,] we decided on that." Neither party submitted any other proof that would allow for a more precise valuation of the home or any proof that would indicate, contrary to the husband's testimony, that the $50,000 valuation of the home was even contested. Accordingly, we cannot say that the court abused its discretion by, in the absence of any opposing proof, crediting the husband's testimony as to the value of the home (*see Dashnaw v Dashnaw*, 11 AD3d 732, 734 [2004]; *Kennedy v Kennedy*, 256 AD2d 1048, 1049 [1998]; *Fassett v Fassett*, 101 AD2d 604, 604 [1984]). In any event, even if, as the husband claims, the court erred in overvaluing the home, or any other

---

1. Notably, none of the marital assets at issue were particularly liquid, such as checking or savings accounts.

asset distributed to the wife, any such error inured to his benefit given the court's equal distribution based on the value of the marital property.

Further, Supreme Court did not err in attributing no value to a 2012 Chevy Suburban vehicle that the court awarded to the wife, subject to any debt against it. The proof established that the vehicle was marital property, and the husband put forward no documentary evidence establishing that the vehicle was titled to him. Moreover, he conceded both that the vehicle was within the wife's possession and that she was paying the lien on it. Thus, the husband "had the burden of proving the asset's value so as to afford the court a sufficient basis upon which to make a distributive award" (*Alper v Alper*, 77 AD3d 694, 696 [2010] [internal quotation marks and citation omitted]; *see Iwahara v Iwahara*, 226 AD2d 346, 347 [1996]). Particularly given the husband's testimony that he had "no idea" what the vehicle was worth, Supreme Court did not abuse its discretion in determining that it had no value for the purpose of equitable distribution (*see Kosturek v Kosturek*, 107 AD3d 762, 763 [2013]; *Grenier v Grenier*, 210 AD2d 557, 558 [1994]; *Semans v Semans*, 199 AD2d 790, 791 [1993], *lv denied* 83 NY2d 758 [1994]).[2]

Nonetheless, given the uncontested proof in the record that the husband acquired three firearms at the age of 16 and prior to the marriage, Supreme Court erred in finding those firearms, valued at $300, to be marital property subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [d] [1] ["property acquired before marriage" is separate property]). Likewise, the court also erred when it determined that the husband had two retirement accounts that were marital property and that were, at the time of the commencement of the proceeding, collectively valued at $160,000. The only proof regarding these accounts was the husband's admissions that he, at one point, had two retirement accounts, each worth $80,000, and his further acknowledgment that the wife was entitled to half his retirement savings. The husband specified, however, that the parties, "when [they] were together during the marriage," removed assets from the second of the accounts

---

2. Notably, the marital vehicle that was in the husband's possession was awarded to him, subject to any debt, after Supreme Court attributed no value to that vehicle for the purposes of equitable distribution. That valuation was despite the husband's testimony that the vehicle was worth $4,000 more than the outstanding lien on it.

so that only $8,000 remained.[3] As there is no contradictory proof in the record that would support the factual conclusion that the aforementioned account was valued at more than $8,000 at the time of the commencement of the action or at any point thereafter, the proof only supports the conclusion that the husband's two accounts collectively represented $88,000 worth of marital assets subject to equitable distribution. Accordingly, upon our findings that the firearms were the husband's separate property and that the husband had only $88,000 in marital assets in the form of deferred compensation earned during the marriage, we modify the amount of the husband's retirement account that he is required to place under the wife's control so as to equally divide the marital property.[4]

Finally, we find no basis to disturb Supreme Court's maintenance award. "The amount and duration of a maintenance award are a matter within the sound discretion of Supreme Court, and the award will not be disturbed so long as 'the statutory factors and the parties' predivorce standard of living' were properly considered" (*Cervoni v Cervoni*, 141 AD3d 918, 919 [2016], quoting *Murray v Murray*, 101 AD3d 1320, 1322 [2012], *lv dismissed* 20 NY3d 1085 [2013]). "The court need not analyze and apply each and every factor set forth in the statute, but must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance" (*Robinson v Robinson*, 133 AD3d 1185, 1186 [2015] [internal quotation marks and citations omitted]). Here, Supreme Court, among other considerations of the then-statutory factors, emphasized the importance of the parties' predivorce standard of living in determining maintenance (*see* Domestic Relations Law § 236 [B] [former (6)]). More specifically, it relied on the evidence that the husband had for many years maintained employment earning up to $125,000 a year in New York City until shortly before the commencement of the divorce action. Moreover, the court found incredible the husband's claim that he could no longer obtain similar work and therefore now could only make approximately $35,000 a year. The court then imputed income of $100,000 a year for the husband based on his earning

---

**3.** Considering the record as a whole, it is unclear whether the husband was correct in his characterization of the second of these accounts as a "retirement" account. Nonetheless, it is unambiguous that the account represented a form of deferred compensation that the husband earned during the course of the marriage (*see generally Dolan v Dolan*, 78 NY2d 463, 466 [1991]).

**4.** The husband does not specifically challenge Supreme Court's determination that he place a portion of his retirement account under the wife's control rather than ordering him to make an equivalent monetary payment to her.

potential while also finding that the wife had a $52,000 a year earning potential based on evidence of her actual salary. According deference to Supreme Court's credibility determination as to the husband's claims regarding his earning potential, and particularly in light of the disparity between the parties' earning potentials, we cannot say that Supreme Court abused its considerable discretion in fashioning the maintenance award or otherwise failed to offer a reasoned analysis of the factors it relied upon (*see Robinson v Robinson*, 133 AD3d at 1187). The husband's remaining contentions are without merit.

Egan Jr., Lynch, Clark and Mulvey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as ordered plaintiff to place $71,550 of his retirement account in defendant's name; plaintiff is ordered to place $35,400 of his retirement account in defendant's name; and, as so modified, affirmed.