Clark, J.
 

 Appeal from a judgment of the Supreme Court (Fer-reira, J.), entered January 17, 2017 in Schoharie County, ordering, among other things, equitable distribution of the parties’ marital property, upon a decision of the court.
 

 Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in September 1989 and have two children (born in 1991 and 1995). In April 2014, the wife commenced this action seeking, among other things, a judgment of separation from the husband. The husband answered and asserted a counterclaim for divorce on the ground of irretrievable breakdown or abandonment, and, in reply, the wife asserted a counterclaim for divorce on the ground of adultery or constructive abandonment. In December 2014, upon the wife’s motion and the parties’ consent, Supreme Court (Connolly, J.) directed the husband to pay the wife $4,000 a month in temporary maintenance, $1,000 a month in temporary child support and $4,000 in interim counsel fees. Sometime thereafter, the wife’s attorney was discharged, and Supreme Court (Ferreira, J.) granted the wife $4,000 in prospective counsel fees to retain a new attorney. The wife hired new counsel, and the matter proceeded to a three-day nonjury trial on the issues of grounds, equitable distribution, maintenance and child support.
 
 [1]
 
 Following trial, Supreme Court granted the husband a judgment of divorce against the wife on the ground that their marriage had broken down irretrievably for a period of at least six months, distributed the parties’ marital property and directed the husband to pay the wife $5,000 in counsel fees, as well as $3,000 per month in maintenance until such time as she began receiving his retirement benefits, the death of either party, the wife’s remarriage or a subsequent modification by the court.
 
 [2]
 
 The wife appeals.
 

 With respect to the grounds for divorce, the husband’s sworn testimony that his marriage to the wife had irretrievably broken down for a period of at least six months was sufficient to establish, as a matter of law, his cause of action for divorce pursuant to Domestic Relations Law § 170 (7) (see Matter of Motta v Motta, 145 AD3d 560, 561 [2016]; Gonzalez v Garcia, 134 AD3d 989, 990 [2015]; Hoffer-Adou v Adou, 121 AD3d 618, 619 [2014]). Additionally, as found by Supreme Court and established by the record, the husband complied with the requirements of Domestic Relations Law § 253 (3). Further, although the wife challenges the constitutionality of Domestic Relations Law § 170 (7) on various grounds, she failed to raise these arguments before Supreme Court and, thus, they are unpreserved for our review (see Carvalho v Carvalho, 140 AD3d 1544, 1549 n 3 [2016]; Severing v Severing, 97 AD3d 956, 957 [2012]). Finally, having determined that the husband established irretrievable breakdown pursuant to Domestic Relations Law § 170 (7), Supreme Court was under no obligation to grant the wife a judgment of divorce on the ground of adultery or constructive abandonment (see Hoffer-Adou v Adou, 121 AD3d at 619). As such, it is of no consequence that Supreme Court did not draw a negative inference against the husband for invoking his Fifth Amendment privilege against self-incrimination when asked if he had engaged in an adulterous relationship (see generally El-Dehdan v El-Dehdan, 26 NY3d 19, 37-38 [2015], affg 114 AD3d 4, 19-20 [2013]; Nolan v Nolan, 107 AD2d 190, 192 [1985]).
 

 The wife also takes issue with Supreme Court’s distribution of the parties’ marital property and debt. Initially, the wife argues that Supreme Court’s distributive award was flawed because the husband’s financial disclosures were inadequate or incomplete. Prior to trial, the wife moved for, among other things, an order compelling the husband to comply with her discovery demands and imposing sanctions (see CPLR 3124, 3126). The husband responded to the wife’s discovery demands during the pendency of her motion, and the wife subsequently asserted that such responses were incomplete. However, Supreme Court determined that the wife failed to identify any particular document or specific information that was included in her demands but not provided by the husband, and indicated that the wife could serve supplemental discovery demands if she found that there was additional, relevant information that had not been provided. The wife ultimately did not serve any supplemental discovery demands. While the wife now argues on appeal that the husband did not disclose certain documents or information, she failed to either identify such documents or information to Supreme Court in conjunction with her motion or request that the husband provide the documents and information in a supplemental discovery request. As such, the wife cannot now be heard to complain (see generally Kenneths Fine Repairs, LLC v State of New York, 133 AD3d 1181, 1182 [2015]; Country Club Partners, LLC v Goldman, 79 AD3d 1389, 1392-1393 [2010]).
 

 As for the distributive award itself, Supreme Court’s determination reflects a comprehensive weighing of the relevant statutory factors (see Domestic Relations Law § 236 [B] [5] [d]) and, as we discern no abuse of discretion in its determination, we will not disturb it (see Funaro v Funaro, 141 AD3d 893, 896 [2016]; Kelly v Kelly, 140 AD3d 1436, 1436-1437 [2016]). The wife specifically takes issue with Supreme Court’s determination that the marital residence should be sold and the proceeds split evenly between the parties, after payment of the mortgage, home equity loan, realtor and counsel fees related to the sale of the house, closing costs and the parties’ other marital debt. Although the wife expressed a desire to keep the marital residence, she acknowledged at trial that she was not in the financial position to afford the mortgage payments and carrying costs associated with the residence, and the evidence certainly supported her assessment. Additionally, contrary to the wife’s assertion, Supreme Court acknowledged the fact that the parties had been renting out the marital residence for $1,300 per month and awarded the husband a credit for one half of the payments that he made during the pendency of the action toward the portion of the mortgage that was not covered by the rental income.
 

 Nor, as the wife contends, was it improper for Supreme Court to conclude that the home equity loan taken on the marital residence was a marital debt and direct the parties to share in its repayment. Generally, “ ‘outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided’ ” (Lewis v Lewis, 6 AD3d 837, 839 [2004], quoting Feldman v Feldman, 204 AD2d 268, 270 [1994]; see McKeever v McKeever, 8 AD3d 702, 702 [2004]). Here, although the home equity loan was taken out in the husband’s name alone, both the husband and the wife testified that it was used, at least in part, for home improvements. The wife also testified that the husband expressed his intention to use the remaining funds to pay joint credit cards. While the husband was unsure of the precise use of the remaining funds, he testified that they “were used for the family.” Thus, in the absence of any evidence that the husband used the home equity loan to pay off his separate liabilities (see Ceravolo v DeSantis, 125 AD3d 113, 119 [2015]; Lewis v Lewis, 6 AD3d at 839), Supreme Court did not abuse its discretion in directing that the home equity loan be paid out of the proceeds from the sale of the marital residence or, to the extent that such proceeds were insufficient, split equally among the parties (compare Burgio v Burgio, 278 AD2d 767, 769 [2000]). Further, we find no merit to the wife’s argument that $30,800 should be deducted from her share of the marital debt to account for an employment benefit to which the husband was apparently entitled prior to the commencement of the action, but did not apply for or receive.
 

 With respect to maintenance, Supreme Court is afforded broad discretion in fashioning the amount and duration of a maintenance award (see Barnhart v Barnhart, 148 AD3d 1264, 1267 [2017]; Sprole v Sprole, 145 AD3d 1367, 1368 [2016]; Roma v Roma, 140 AD3d 1242, 1244 [2016]). We will not disturb Supreme Court’s determination in this regard so long as it considered the parties’ predivorce standard of living, as well as the statutory factors (see Domestic Relations Law § 236 [B] [former (6) (a)]; Ball v Ball, 150 AD3d 1566, 1573-1574 [2017]; Cervoni v Cervoni, 141 AD3d 918, 919 [2016]). “The court need not analyze and apply each and every factor set forth in the statute, but ‘must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance’ ” (Robinson v Robinson, 133 AD3d 1185, 1186 [2015], quoting Curley v Curley, 125 AD3d 1227, 1228 [2015]; see Pfister v Pfister, 146 AD3d 1135, 1137 [2017]).
 

 Supreme Court’s maintenance award reflects an appropriate consideration of, among other factors, the parties’ long-term marriage, the “comfortable lifestyle” that they enjoyed throughout the marriage, their respective property, income and potential earning capacities and its distributive award of marital property and debt (see Domestic Relations Law § 236 [B] [former (6) (a)]). Supreme Court acknowledged that the husband had been the primary wage earner throughout the marriage, bringing in incomes that fluctuated depending on the particular post to which he was assigned while employed with the United States Agency for International Development, within the United States Department of State. The court considered the husband’s elevated salary in 2014 through 2015 due to his assignment to a dangerous post, his salary at the time of trial and the salary that he expected to begin earning in July 2016 upon his assignment to a four-year post. The court also fully recognized the wife’s employment within the home and contributions to the family as the primary caretaker and educator of the children, who were home schooled for a majority of their childhoods. The court properly imputed an annual income of $30,000 to the wife based on her age, health, attainment of an Associate’s degree in theology from an unaccredited institution and her work history, which included eight years of full-time employment at the United States Post Office prior to the marriage and two years of full-time employment at the United States Consulate General in Kazakhstan during the marriage (see Arthur v Arthur, 148 AD3d 1254, 1256 [2017]; Pfister v Pfister, 146 AD3d at 1137).
 
 [3]
 
 Given Supreme Court’s thoughtful articulation of the reasons underlying its maintenance award, and considering that the principal purpose of maintenance “ ‘is to encourage rehabilitation and self-sufficiency to the extent possible, while still accounting for a large discrepancy in earning power between the parties’ ” (Bean v Bean, 53 AD3d 718, 724 [2008], quoting Semans v Semans, 199 AD2d 790, 792 [1993], lv denied 83 NY2d 758 [1994]), we find no abuse of discretion in the court’s determination to award the wife maintenance in the amount of $3,000 per month until, among other disqualifying events, she begins receiving her share of the husband’s retirement benefits (see Barnhart v Barnhart, 148 AD3d at 1267-1268; Sprole v Sprole, 145 AD3d at 1368; Roma v Roma, 140 AD3d at 1244).
 

 The wife further argues that Supreme Court should have directed the husband to contribute toward the college education expenses of the youngest child past the age of 21. Generally, absent an agreement, “a parent is not legally obligated to pay college costs for a child that has reached the age of 21” (Shapiro v Shapiro, 91 AD3d 1094, 1095 [2012]; see Matter of Benno v Benno, 33 AD3d 1143, 1145 [2006]; Vicinanzo v Vicinanzo, 193 AD2d 962, 965 [1993]). While the wife requested in her pleadings that the husband pay child support for the daughter, she did not argue in Supreme Court that the husband was obligated, by virtue of an agreement, to contribute toward the daughter’s college education costs after she reached the age of majority (see generally Kimberly C. v Christopher C., 155 AD3d 1329, 1333 [2017]; Severing v Severing, 97 AD3d at 957). Thus, Supreme Court did not make an express finding on this issue. In any event, even if preserved, the record fails to establish that the husband undertook an affirmative obligation to contribute to the youngest child’s college tuition and expenses after she turned 21 (see Settle v McCoy, 108 AD3d 810, 814 [2013]; compare Shapiro v Shapiro, 91 AD3d at 1095).
 

 As a final matter, we are unpersuaded by the wife’s assertion that Supreme Court abused its discretion in declining to award her more than $5,000 in postjudgment counsel fees. Supreme Court properly determined that, as the less-monied spouse, the wife was presumptively entitled to an award of counsel fees (see Domestic Relations Law § 237 [a]; Cummins v Lune, 151 AD3d 1258, 1261 [2017]) and that the presumption had not been rebutted (compare Valitutto v Valitutto, 137 AD3d 1526, 1529-1530 [2016]; Gifford v Gifford, 132 AD3d 1123, 1126 [2015]). In reaching the amount of $5,000, Supreme Court appropriately considered, among other things, the $8,000 that the husband paid to the wife in interim counsel fees, the amount of temporary maintenance and child support received by the wife, “the tremendous expenditures made by the husband to keep the family and the marital residence afloat during the pendency of [the action]” and the amount of the wife’s income after the divorce, but before securing employment. As Supreme Court’s award reflects a proper consideration of the parties’ respective financial circumstances, as well as the circumstances of the case (see Johnson v Chapin, 12 NY3d 461, 467 [2009]; Vertucci v Vertucci, 103 AD3d 999, 1004-1005 [2013]), the court did not abuse its considerable discretion in awarding the wife $5,000 in postjudgment counsel fees (see Robinson v Robinson, 133 AD3d 1185, 1191 [2015]; O’Connor v O’Connor, 91 AD3d 1107, 1109 [2012]). To the extent that the wife asserts that the proceedings were unfair because the husband allegedly spent more in legal fees, we note that the wife was free to use her temporary maintenance to supplement the interim and postjudgment counsel fee awards.
 

 The remaining arguments raised by the wife, but not expressly addressed herein, are either unpreserved for our review or have been examined and rejected.
 

 Peters, P.J., Garry, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.
 

 [1]
 

 . At trial, the wife withdrew her claim for a judgment of separation.
 

 [2]
 

 . Supreme Court did not address the issue of child support with respect to the parties’ youngest child, who reached the age of 21 prior to the issuance of the judgment of divorce.
 

 [3]
 

 . In both positions, the wife earned a salary of roughly $30,000 per year.