Gordon-Medley v Medley (2018 NY Slip Op 02514)





Gordon-Medley v Medley


2018 NY Slip Op 02514


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

524169

[*1]ANNEJINETTE GORDON-MEDLEY, Respondent,
v
DAVID E. MEDLEY, Appellant.

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine and Rumsey, JJ.


Cordell & Cordell, PC, Albany (Asa S. Neff of counsel), for appellant.
Mitchell S. Kessler, Cohoes, for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (R. Sise, J.), entered May 6, 2016 in Schenectady County, ordering, among other things, equitable distribution of the parties' marital property, upon decisions of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1995. The wife commenced this divorce action in 2011. At the time of trial, the parties had one child under the age of 21 (born in 1996), who was the subject of a 2003 Family Court order of child support. The parties stipulated to grounds for divorce and resolved a number of issues. A bench trial ensued on the issues of child support, maintenance and equitable distribution of the husband's pension. In two posttrial decisions, Supreme Court increased the husband's child support obligation and awarded the wife maintenance,
counsel fees and one half of the marital portion of the husband's pension. These awards were reflected in a judgment of divorce, and the husband now appeals.
Supreme Court did not err in modifying the 2003 child support order based on the passage of time. The court relied on a 2010 amendment to Domestic Relations Law § 236, pursuant to which "[a] court may modify an order of child support where . . . three years have passed since the order was entered, last modified or adjusted" (Domestic Relations Law § 236 [B] [9] [b] [2] [ii] [A]; see L 2010, ch 182, § 7). The Legislature provided an exception to the application of that amendment whereby, "if the child support order incorporated without merging a valid agreement or stipulation of the parties, the [relevant] amendments regarding the modification of a child support order
. . . shall only apply if the incorporated agreement or stipulation was executed on or after this [*2]act's effective date" (L 2010, ch 182, § 13). In accordance with this language, courts have refused to apply the amendment to proceedings seeking to modify a prior child support order that was incorporated into a divorce judgment or separation agreement (see Kaplan v Kaplan, 130 AD3d 576, 578 [2015]; Matter of Zibell v Zibell, 112 AD3d 1101, 1102 [2013]). Here, because the prior child support order was not incorporated into a later agreement, the statutory amendment was applicable. As the wife was entitled under the amendment to a modification of the child support order due to the passage of more than three years, without any requirement that she demonstrate a change in circumstances (see Domestic Relations Law § 236 [B] [9] [b] [2] [ii] [A]; Matter of Thomas v Fosmire, 138 AD3d 1007, 1007 [2016]), and the husband does not challenge Supreme Court's calculation of the amount of child support, we will not disturb the child support aspect of the judgment.
Supreme Court did not abuse its discretion in awarding the wife maintenance. "The amount and duration of a maintenance award is left to the sound discretion of the trial court," so long as the court "has considered the statutory factors and the parties' predivorce standard of living" (Orioli v Orioli, 129 AD3d 1154, 1155 [2015]; see Barnhart v Barnhart, 148 AD3d 1264, 1267 [2017]; Cervoni v Cervoni, 141 AD3d 918, 919 [2016]). Factors for the court to consider include the relative income and property of the parties, the duration of the marriage, the age and health of the parties, the capacity for future earning, a party's educational needs or training expenses in order to become self-supporting, the needs of the parties' children, a party's loss of health insurance and any other factors the court may consider relevant (see Domestic Relations Law § 236 [B] [former (6)]; Orioli v Orioli, 129 AD3d at 1155-1156). While "[t]he court need not analyze and apply each and every factor set forth in the statute," it "must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance" (Robinson v Robinson, 133 AD3d 1185, 1186 [2015] [internal quotation marks and citation omitted]; see Sprole v Sprole, 145 AD3d 1367, 1368 [2016]).
Supreme Court considered, among other things, that the parties were married from 1995 to 2011 and lived together for two to three years before the marriage, the relatively young age and good health of the parties, that the wife earned $27,000 in the year preceding trial while the husband earned $87,000, and that the wife spent a portion of her inheritance to support the household. Supreme Court also took into consideration the limited proof regarding the parties' standard of living during the marriage, the husband's increased cost of living as the result of his employment in New York City and the fact that the parties physically and financially separated no later than 2006. Because the court considered the necessary factors, including the disparity in the parties' incomes, and provided a reasoned analysis of the factors it relied upon, we will not disturb the maintenance award (see Barnhart v Barnhart, 148 AD3d at 1267-1268).
Supreme Court did not abuse its discretion in its equitable distribution of the husband's pension. "Vested rights in a noncontributory pension plan are marital property to the extent that they were acquired between the date of the marriage and the commencement of a matrimonial action" (Majauskas v Majauskas, 61 NY2d 481, 485-486 [1984]; see Dunne v Dunne, 9 AD3d 660, 661 [2004]). Supreme Court has discretion concerning equitable distribution and, absent an abuse of that discretion or a failure to consider the requisite statutory factors, this Court will not disturb its determination (see Robinson v Robinson, 133 AD3d at 1187; Vantine v Vantine, 125 AD3d 1259, 1261 [2015]). While the husband argues that the wife should not be entitled to his pension rights earned after the parties separated, the court had broad discretion in determining how to equitably distribute the marital portion of his pension assets, which included pension benefits earned up until the commencement of this divorce action. The court, after considering the length of the marriage and the wife's efforts in maintaining the marital home, awarded her one half of the marital portion of the husband's pension according to the Majauskas formula. We [*3]cannot say that this constituted an abuse of discretion (see Lowe v Lowe, 123 AD3d 1207, 1209-1210 [2014]).
Supreme Court also did not abuse its discretion in awarding the wife counsel fees. "When exercising its discretionary powers in this regard, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions as well as the complexity of the case and the extent of legal services rendered" (Teany v Teany, 138 AD3d 1301, 1302-1303 [2016] [internal quotation marks and citations omitted]). There is a statutory "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237 [a]; see Macaluso v Macaluso, 145 AD3d 1295, 1297 [2016]; Valitutto v Valitutto, 137 AD3d 1526, 1529-1530 [2016]). While the husband points to the wife's bank account as purported proof that she was the more monied spouse, her account contains only a fraction of her inheritance, the remainder of which she testified she has spent primarily to pay off debts and cover household expenses. The court considered that the husband's gross earnings are more than three times those of the wife, as well as the submission of documents relating to the legal services rendered and that the wife was relatively meritorious in this litigation. Even so, the court awarded the wife only a portion of the amount she requested for counsel fees. Considering all the circumstances of this case, the court did not abuse its discretion in rendering its counsel fee award (see Lowe v Lowe, 123 AD3d at 1211; Suppa v Suppa, 112 AD3d 1327, 1329 [2013]; compare Seale v Seale, 154 AD3d 1190, 1197 [2017]; Vantine v Vantine, 125 AD3d at 1262-1263).
Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.