Matter of Orlowski v Gialanella (2018 NY Slip Op 05542)





Matter of Orlowski v Gialanella


2018 NY Slip Op 05542


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018

525063

[*1]In the Matter of PHYLLIS C. ORLOWSKI, Appellant,
v
DONALD G. GIALANELLA, Respondent.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Phyllis C. Orlowski, Cooperstown, appellant pro se.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered June 10, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three grown children (born in 1988, 1991 and 1994). The parties were divorced in January 2000, at which time the judgment of divorce directed the father to pay $100 per week in child support. The father agreed to pay an additional $45 a month in 2008. In July 2015, the mother petitioned for modification of a May 2012 support order,[FN1] seeking assistance to help pay the college loans of the two older children, the ongoing college expenses of the youngest child and
half the cost for braces for the youngest child. After a hearing, a Support Magistrate dismissed the petition. Thereafter, Family Court denied the mother's objections. The mother appeals.
We affirm. We first note that the judgment of divorce does not expressly obligate the father to pay the college expenses of the children after they reach the age of 21. Given the timing of this petition, when the two older children were 24 and 27, the court properly rejected the mother's request for contribution toward their college loans (see Johnston v Johnston, 156 AD3d 1181, 1185 [2017], lv denied ___ NY3d ___ [June 26, 2018]). As recognized by the Support Magistrate, the period of child support remaining at issue is limited to the date the petition was filed (July 15, 2015) to the date the youngest child turned 21 (September 20, 2015). Key factors to consider in determining whether a parent should be required to contribute to a child's college [*2]education include the child's "academic ability, the parents' educational background and the ability to pay" (Matter of Juneau v Morzillo, 56 AD3d 1082, 1085 [2008] [internal quotation marks and citation omitted]). The record supports the mother's contention that the youngest child has a learning disability and is actively pursuing a college degree. The focus thus turns to the father's ability to pay. Pertinent here, Family Ct Act § 451 (3) (b) (ii) permits a court to modify an order of support where a party's gross income has changed by 15% or more since the order was last modified (see Matter of Zibell v Zibell, 112 AD3d 1101, 1102 [2013]). The record shows that the father's gross income as reported on his tax returns in 2012 and 2014 did not increase by 15%. Nonetheless, the mother emphasizes that the father failed to disclose various investment assets with a principal value over $500,000 that illustrates a change in circumstances. The husband countered that these assets derive from the equitable distribution of the parties' assets in 2000. We find no abuse of discretion by the Support Magistrate in crediting the father's testimony that the investment funds were not new income. The record further supports the Support Magistrate's determination that the father did not have increased income from which to pay more support, having a gross income of less than $10,000 in 2014. Nor had the youngest child obtained braces before turning 21 years old. We have reviewed and find that the mother's remaining contentions are without merit. As such, the mother's petition was properly dismissed.
Garry, P.J., McCarthy, Devine and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This order is not contained in the record or appeal.